**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Steve Robert SIMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 21, 2003.
Filed July 11, 2003.

Ines M. Massella, Public Defender, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com., appellee.

Before: BOWES, GRACI, and KELLY, JJ.

GRACI, J.

¶ 1 Appellant, Steve Simpson ("Simpson"), appeals from the August 13, 2002, Judgment of Sentence entered in the Court of Common Pleas of Erie County. After careful review, we affirm the judgment of sentence.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2 The trial court summarized the facts and procedural history as follows.

On July 2, 2002, Appellant pled guilty to one count of making Terroristic Threats. In exchange for his plea, the Commonwealth agreed to withdraw one count of Harassment by Communication. The charges stem from Appellant leaving twenty-one (21) telephone messages on the victim's answering machine and sending her three (3) e-mails on March 19 and March 20, 2002 after the victim had broken off her relationship with the Appellant. Appellant threatened in these messages that either the victim or her nine year old daughter would die and neither the victim nor her daughter would have a safe life and the Appellant was going to come home to Erie and she "knew what he was capable of".

On August 13, 2002, Appellant was sentenced to two and one-half (2–1/2) to five (5) years incarceration, consecutive to the parole revocation sentence at Docket Number 2725 of 1993. On August 15, 2002, Appellant filed a Motion to Reconsider Sentence that was denied by Order dated the same day. On August 22, 2002, Appellant filed a Motion to Withdraw Guilty Plea that was denied by Order dated the same day. Appellant filed a timely Notice of Appeal on September 4, 2002 and a Statement of Matters Complained of on Appeal.... 1925(a) Opinion, at 1–2.

¶ 3 Simpson raises a single issue for appeal:

Was the sentence manifestly excessive and clearly unreasonable[?]

Brief for Appellant, at 3.

## II. DISCUSSION

¶ 4 "The standard of review in sentencing matters is well settled: imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa.Super.2002) (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* (citation omitted). "If the sentence is 'not unreasonable,' the appellate court must affirm." *Id.* (citation omitted).

¶ 5 A "challenge[ ] ... to the discretionary aspects of [a] sentence ... must be considered a petition for permission to appeal, as the right to appeal from the discretionary aspects of sentencing is not absolute." *Commonwealth v. Wellor*, 731 A.2d 152 (Pa.Super.1999) (citation omitted). Two requirements must be met before we will review this challenge on its merits. First, the appellant must, "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522

A.2d 17, 19 (1987). Simpson included this statement in his brief, therefore the first requirement is satisfied. Brief for Appellant, at 8.

¶ 6 Second, the appellant must show, "that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." 42 Pa. C.S.A. § 9781(b); *Commonwealth v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706, 710 (1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995). Additionally, the "2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates the norm...." *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super.2000). Simpson claims his sentence violated the fundamental norms underlying the sentencing process because it was "manifestly excessive". Brief for Appellant, at 8.[1]

[W]hen an excessiveness claim is raised in cases where the sentence falls within the statutory limits, this Court is to review each claim on a case-by-case basis to determine whether a substantial question has been presented. The Supreme Court explained that while we need not accept bald allegations of excessiveness, where the appellant has provided a plausible argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process, a substantial question exists, requiring a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003) (appellant's claim that the sentence imposed was harsh and excessive did not present a substantial question) (citing *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002)). We can no longer simply find that an "excessiveness challenge failed to raise a substantial question as a matter of law because [the] sentence was within the statutory limits." *Mouzon*, 812 A.2d at 627.[2]

¶ 7 Simpson claims that a substantial question is raised for two independent reasons: that there was a "failure to sufficiently state reasons for [the] sentence on the record; and [there was] reliance upon

---

1. It appears that Appellant concedes that his sentence was within the Sentencing Guidelines. Brief for Appellant, at 8 ("The specific portion of the [Sentencing] Code violated was 42 Pa.C.S.[A.] § 9781, which requires that a guidelines sentence not be clearly unreasonable;"). *See also* Brief for Appellant, at 10 ("(2) although the sentence imposed was a guideline sentence, circumstances of the case made application of the guidelines unreasonable;" 42 Pa.C.S.A. § 9781(c) emphasized by Appellant). It is clear, however, that Appellant's sentence, while *it is within the statutory* limits for the crime of terroristic threats, a misdemeanor of the first degree carrying a maximum sentence of up to five years in prison, is above the aggravated range of the applicable Sentencing Guidelines. The Pennsylvania Commission on Sentencing Guideline Sentence Form included in the certified record shows that Appellant had an "Offense Gravity Score" of "3" and a "Prior Record Score" of "5" resulting in a standard guideline range of six to sixteen months, plus or minus three months in the aggravated and mitigated ranges, respectively. Appellant's minimum sentence was two and one-half years or thirty months, clearly in excess of the guideline ranges which, in the aggravated range, was nineteen months. We will, therefore, ignore Appellant's misstatement.

2. The Commonwealth, in its brief filed on April 4, 2003, incorrectly asserts that there is no substantial question presented by Simpson because the sentences are within the statutory limits. Brief for Appellee, at 4. "[T]he Pennsylvania Supreme Court in its December 19, 2002. *Mouzon* decision, held that a claim for excessiveness raised against a sentence within the statutory limits does *not* fail to raise a substantial question as a matter of law." *Commonwealth v. McNabb*, 819 A.2d 54, 56 (Pa.Super.2003). *Mouzon* announced a substantial change in the law in this area.

impermissible factors." Brief for Appellant, at 8.

¶ 8 Simpson's first claims that the trial court failed to sufficiently state its reasons for the sentence imposed. This Court has held that such a challenge to the sentence raises a substantial question. *Wellor,* 731 A.2d at 155. Accordingly, Simpson has satisfied the two requirements for a challenge to the discretionary aspects of a sentence, and we can review the merits of this sentencing claim.

■ ¶ 9 Although a "sentencing judge must state his or her reasons for the sentence imposed, a discourse on the court's sentencing philosophy ... is not required." *Commonwealth v. Hill,* 427 Pa.Super. 440, 629 A.2d 949, 953 (1993) (citation omitted). The court must explain any deviation from the sentencing guidelines. *Id.* Here, the sentencing judge gave the following explanation for the sentence imposed:

> THE COURT: I[ have] read the presentence report in its entirety. It does reflect, Mr. Simpson, an adult criminal record that begins in 1987, and it continues basically non-stop. It includes a prior conviction for terroristic threats for which you stand here today for. There was also a crime of violence of aggravated assault, which you were sent to a state correctional institution. And it looks like you[ have] been incarcerated for a variety of types of offenses. You were under supervision at the time you committed this offense. So what I glean from this is unless·you[ are] incarcerated you[ are] going to continue to ·pose a threat to this community. I[ have] read the victim impact letter, and it talks about the profound impact this had not only on Valerie but on her daughter. In fact, her daughter became physically ill over these particular circumstances, and as such she was contemplating lifestyle changes on behalf of her and her daughter, Valerie was, in terms of even relocating out of fear of you. So on her behalf, as well as other people in this community, I have an obligation to protect them, because if I do[ not], with your track record, you[ are] going to continue to pose a threat of violence to people. I[ have] read what the guidelines are in this particular case. I think given the track record here in terms of your criminal history, in terms of the fact that you were under the supervision at the time of this offense for two separate and unrelated felony offenses, and given the profound impact your conduct has had on the victim in this case, as well as the threat you pose to the community, the only appropriate sentence would be a period of incarceration of two and a half to five years, and make that consecutive to the sentenced imposed at Docket Number 2725 of 1993.

Sentencing Transcript, 8/13/02, at 10–12.

■ ¶ 10 The sentencing judge in the present case indicated that he had reviewed the pre-sentence report. The trial court's reasons for its sentence included the impact on the victim, Simpson's criminal history and the fact that he was under supervision at the time of offense for two separate and unrelated felonies. The sentencing court sufficiently stated its reasons for the sentence Simpson received. Simpson's claim must, therefore, fail.

¶ 11 Next, Simpson claims that the sentencing court relied on impermissible factors, by considering factors already included in the sentencing guidelines. This claim, too, raises a substantial question requiring our review. This Court has held that a claim that the sentence is excessive because the trial court relied on impermissible factors raises a substantial question. *Commonwealth v. McNabb,* 819 A.2d 54, 56 (Pa.Super.2003) (citations omitted).

¶ 12 It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range. *Commonwealth v. Bartlow*, 354 Pa.Super. 444, 512 A.2d 34 (1986) (held impermissible for trial court use prior conviction history as the sole reason to elevate sentence to aggravated range); *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 491 A.2d 1352 (1985) (in *dicta*, Court stated it is impermissible to use lack of prior convictions as sole reason to sentence in the mitigated range). Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information. *Commonwealth v. Mills*, 344 Pa.Super. 200, 496 A.2d 752, 754 (1985) (court was permitted to consider seven prior convictions for burglary in conjunction with, prior unsuccessful attempts to rehabilitate, fact appellant had committed offense while on parole, general threat to public, and appellant's disregard for private property).

¶ 13 The case *sub judice* is similar to *Mills*. The trial court considered not only Simpson's prior record but also the impact on the victim, the threat to the community, lack of successful rehabilitation and the fact that Simpson was on probation and under supervision at the time of the offense.

¶ 14 The fact that Simpson was under court supervision for two unrelated felonies is not, as Simpson contends, a factor already included within the guidelines. This is an extraneous factor that can be separately considered by the sentencing court. The guidelines only include

a prior conviction score and do not take into account whether an offense is committed while the offender was on probation, parole or some other form or type of supervised release. *See Harmon v. Commonwealth*, 119 Pa.Cmwlth. 1, 546 A.2d 726, 732 (1988), *appeal denied, Commonwealth v. Harmon*, 523 Pa. 643, 565 A.2d 1168 (1989) (trial court used fact that appellant was on work release when he committed second offense as an aggravating factor for sentencing)[3]; *Mills*, 496 A.2d at 753 (trial court considered, *inter alia*, factor that appellant was on parole when he committed robbery as an aggravating factor).

### III. CONCLUSION

¶ 15 We find that the reasons stated by the distinguished sentencing judge, the Honorable William R. Cunningham, President Judge of the Court of Common Pleas of Erie County, for the sentence he imposed were more than sufficient and that President Judge Cunningham's consideration of the fact that Simpson was under court supervision on probation for two unrelated felonies at the time of his arrest for the present crime was made in conjunction with other factors. It was not the sole factor in his determination, but rather one of several factors properly considered when sentencing Simpson. We find no abuse of discretion in that determination.

¶ 16 Judgment of sentence affirmed.

---

**3.** We understand this Commonwealth Court decision is not binding on us. *Holland ex rel. Holland v. Marcy*, 817 A.2d 1082 (Pa.Super.2002). However, this case clearly distinguishes between using the fact that an offender committed a second offense while on work release and the general use of prior conviction history, and we find it persuasive.