J-S29014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELSEY ANN TUNSTALL | |
| Appellant | No. 1185 WDA 2014 |

Appeal from the Judgment of Sentence March 18, 2014
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001610-2013
CP-11-CR-0001914-2013

BEFORE: PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 30, 2015**

Appellant, Kelsey Ann Tunstall, appeals from the judgment of sentence entered on March 18, 2014, after pleading guilty to aggravated assault by motor vehicle while driving under the influence ("AA-DUI")[1] as well as to the unrelated crime of receiving stolen property[2] and other charges not relevant to this appeal. Tunstall contends the sentencing judge erred in imposing terms of imprisonment in the aggravated range of the sentencing guidelines for the two separate, consecutive terms of imprisonment. As we conclude that the sentencing court failed to disclose in open court the reasons for the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3735.1.
[2] 18 Pa.C.S.A. § 3925.

sentence for receiving stolen property, we vacate the judgment of sentence and remand for resentencing.

On May 17, 2013, Tunstall was driving her parents' SUV with her infant daughter as a passenger. Around 1:30 p.m., Tunstall veered into the wrong lane of traffic and struck Troy Jordan, who was riding a motorcycle. The impact catastrophically injured Jordan. His lower spine was crushed and fractured and he was permanently paralyzed from the waist down. Jordan was 41, married, and the father of two teenage girls. When Tunstall finally exited her vehicle, officers noticed she "had a staggered gait, slurred speech, and needed assistance walking at the scene." N.T., Guilty Plea, 1/30/14, at 7. Tunstall later tested positive for Alprazolam and Methadone. *See Id*. Tunstall is a drug addict. She has been battling her addiction for roughly ten years and has "multiple convictions" for the same. N.T., Sentencing, 3/18/14, at 18. In July, 2013 a criminal complaint was filed charging Tunstall with AA-DUI, among other offenses.

While free on bail, Tunstall stole a ring and money from a motor home. The police immediately arrested her at a mall attempting to pawn the ring, at which time Tunstall admitted to the crime and was charged. Failing to post bail, Tunstall was placed in jail and has been incarcerated ever since.

Tunstall eventually accepted a plea bargain and pled guilty to AA-DUI as well as to the unrelated crime of receiving stolen property and other charges not relevant.

At the sentencing hearing, the Commonwealth presented testimony from both Jordan and his wife, Debra. Debra spoke of the devastating effects of the crash. Jordan's paralysis has caused substantial hardship upon their family, including their two children, forcing their extended family to help because she is legally blind. *See* N.T., Sentencing, 3/18/14, at 9-11. Jordan related that he was no longer able to work as a welder and provide for his family. *See id*., at 14-15.

Following the Jordans' testimony, the court indicated its intention to sentence Tunstall in the aggravated range. The court imposed a sentence of 36 to 72 months' imprisonment for AA-DUI and a consecutive term of 4 to 12 months' imprisonment for receiving stolen property. Tunstall's final aggregated sentence was 40 to 84 months' imprisonment.

Tunstall filed a timely post-sentence motion, arguing that the court relied upon improper factors in sentencing her in the aggravated range. She claimed that the principal reasons that the court relied upon—the injury to Jordan and her drug use—were already contemplated in the offense gravity score for AA-DUI. Further, Tunstall challenged the sentence for receiving stolen property, noting that the court provided no justification for the departure from the standard sentencing range. After hearing argument, the court declined any modification. This timely appeal followed.

On appeal, Tunstall argues that the sentencing court abused its discretion in imposing two sentences outside the standard range guidelines. This claim challenges the discretionary aspects of Tunstall's sentence. "A

challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 12, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Tunstall challenged her sentence in a post-sentence motion and filed a timely appeal. Tunstall's appellate brief also contains the requisite Rule 2119(f) concise statement. ***See*** Appellant's Brief, at 11. We must now determine whether Tunstall's challenge to the discretionary aspects of her sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Zirkle***,

107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted).

Here, Tunstall claims in her Rule 2119(f) statement that "because the sentencing court imposed an aggravated sentence, there exists a substantial question for merits review of the discretionary aspects of sentence for both issues." Appellant's Brief, at 11. Tunstall further claims "the sentencing court relied upon impermissible factors in its sentence for AA-DUI … [and] the sentencing court violated the norms of sentencing by failing to state any reason for its departure for its sentence of Receiving Stolen Property." **Id**. A claim that a sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question. **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted). Therefore, we conclude that Tunstall has presented a substantial question.

Both issues raised in this appeal challenge the imposition of terms of imprisonment in the aggravated range of the sentencing guidelines. For such challenges, the following standard of review has been set forth.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgement.

- 5 -

> Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006)).

It is well-established that Pennsylvania has an indeterminate guided sentencing scheme. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1117 (Pa. 2007). The sentencing judge is required to consider the sentencing guidelines that have been adopted by the Legislature. *See* 42 Pa.C.S.A. § 9721(b). It is recognized however that the sentencing guidelines are purely advisory in nature and are merely one factor among many that the court must consider in imposing a sentence. *See Yuhasz*, 923 A.2d at 1118. "[A] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Shugars*, 895 A.2d at 1275.

In her first claim, Tunstall claims the sentencing court relied upon impermissible factors in its sentence for AA-DUI. She raises the valid point that it is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing a sentence into the aggravated range. *See Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003). While this is a correct statement, Tunstall overlooks the fact that the purported illegal reason for deviation must be the *sole*

reason. **See id**. Sentencing courts are permitted to use factors already included in the guidelines if they are used to supplement other extraneous sentencing information. **See id**. The sentencing court listed a myriad of reasons for opting for the aggravated range sentence including the crime's impact on the victim's life and family in consideration of his permanent paraplegia, Tunstall's intoxicated operation of a motor vehicle while notably traveling with and caring for her infant child, her multiple current convictions for drug usage, her ten year history of drug abuse, and her prior failed drug rehabilitation. **See** N.T., Guilty Plea, 3/13/14, at 18.

It could be argued that some parts of the numerous reasons given are contemplated in the elements of the sentencing guidelines. However, they are plainly not the *sole* reason for departure and thus taken in the aggregate were appropriate considerations for sentencing in the aggravated range for the charge of AA-DUI. We therefore conclude Tunstall's first issue on appeal is without merit.

Tunstall next alleges that the sentencing court failed to state any justification for the departure into the aggravated range for her sentence for receiving stolen property. We agree.

It is simply not clear from the record that the reasons the sentencing court relied upon for aggravation of her sentence applied to any charge outside those arising directly from the accident with Jordan. The sentencing court stated its intention to sentence Tunstall in the aggravated range after

hearing testimony from the Jordans, the victims of the AA-DUI charge. **See** N.T., Sentencing, 3/18/14, at 18. The charge for receiving stolen property was unrelated to the AA-DUI charge and involved a separate victim who was not at all mentioned by the sentencing court. Further, after listing its other reasons, the sentencing judge makes note that "[a] lesser sentence would depreciate the seriousness of the crime of aggravated assault by a motor vehicle while under the influence of drugs." **Id**. It is clear from this statement that the reasons supplied were meant to apply to the charges arising from the accident.

The Commonwealth asserts that Tunstall's inability to properly treat her drug addiction was the impetus for all of her charges, and therefore could apply to the receiving stolen property charge. **See** Appellee's Brief, at 5. They further acknowledge that another "obvious reason" for aggravation of this sentence is the fact that she committed the theft to fund her drug habit *after* the accident that destroyed Jordan's spinal column. **Id**. at 5-6. This would have been an appropriate consideration for sentencing in the aggravated range—had it been stated on the record. **See** 42 Pa.C.S.A. § 9721(b) ("the court shall make as a part of the record, and disclose in open court at the time of the sentencing, a statement of the reason or reasons for the sentence imposed"). But it was not. And as the Commonwealth concedes, the sentencing court did not acknowledge this during sentencing. **See** Appellee's Brief, at 5.

As a result of the sentencing court failing to follow the proper procedure under the Sentencing Code, we must vacate the sentence.

If vacating the sentence disturbs the overall sentencing scheme of the sentencing court, we must remand so the court can restructure its sentence plan. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006). On the other hand, if the decision does not alter the overall scheme, there is no need for a remand. *See id*. We have little doubt we have upset the sentencing scheme. Accordingly, we vacate the judgment of sentence and remand.

Judgement of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2015