J-S66025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN GHEZZI | |
| Appellant | No. 580 WDA 2015 |

Appeal from the Judgment of Sentence March 4, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at Nos: CP-33-CR-0000081-2012; CP-33-CR-0000374-2012; CP-33-CR-0000675-2006

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 20, 2016**

Appellant, Shawn Ghezzi, appeals from the March 4, 2015 judgment of sentence imposing an aggregate five to ten years of incarceration upon revocation of three separate probation sentences.  We affirm.

On January 17, 2007, at docket number 675 of 2006, Appellant pled guilty to one count of burglary (18 Pa.C.S.A. § 3502).  The trial court sentenced Appellant to three months to two years of county incarceration followed by one year of probation.  On December 22, 2009, the trial court revoked Appellant's probation and imposed a sentence of five years of intermediate punishment, including six months of county incarceration.

---

[*] Retired Senior Judge assigned to the Superior Court.

On August 15, 2012, at docket number 81 of 2012, Appellant pled guilty to one count of theft by unlawful taking (18 Pa.C.S.A. § 3921). Also on August 15, 2012, Appellant pled guilty to fleeing or attempting to elude police (75 Pa.C.S.A. § 3733) at docket number 374 of 2012. In light of these offenses, the trial court revoked Appellant's intermediate punishment and imposed a sentence of one to two years of state incarceration followed by five years of probation. At docket numbers 81 and 374 of 2012, the trial court imposed five years of probation concurrent with one another and with the revocation sentence at number 675 of 2006. On February 17, 2015, after a **Gagnon II**[1] hearing, the trial court found Appellant violated a condition of his probation requiring him to refrain from assaultive behavior. On March 4, 2015, the trial court revoked Appellant's probation at all three aforementioned docket numbers. At number 675 of 2006, the trial court imposed five to ten years of state incarceration with credit for time served. At numbers 81 and 374 of 2012, the court imposed sentences of three to seven years of incarceration, concurrent to one another and to the sentence at number 675 of 2006. Appellant filed a timely post-sentence motion on March 11, 2015. The trial court denied that motion on March 13, 2015. This timely appeal followed.

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Appellant argues the trial court abused its sentencing discretion by imposing too severe a sentence.[2] To preserve a challenge to the trial court's sentencing discretion, an appellant must (1) preserve the issue in a post-sentence motion; (2) file a timely notice of appeal; (3) include in the appellate brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) present a substantial question for review. **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013). Appellant has complied with the first three of these requirements. We must therefore determine if Appellant's Pa.R.A.P. 2119(f) statement presents a substantial question for review.

Appellant's Pa.R.A.P. 2119(f) statement alleges, "the sentence was manifestly unreasonable under the circumstances of this case and the probation violation, such that it constitutes too severe a punishment, and that the Court's reasons for the sentence did not justify the severity." Appellant's Brief at 8. An allegation that the trial court failed to provide an on-the-record explanation of its sentence raises a substantial question. **Commonwealth v. Simpson**, 829 A.2d 334, 337 (Pa. Super. 2003). We will therefore review the merits of Appellant's argument.

The following law governs our review:

---

[2] We note with disapproval that the Commonwealth has failed to file a brief.

It is well settled that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion. Indeed, as we explained in *Walls*, there are significant policy reasons underpinning this deferential standard of review:

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

*Commonwealth v. Perry*, 32 A.3d 232, 236-37 (Pa. 2011) (internal citations and quotation marks omitted) (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961-62 (Pa. 2007)).

The sentence on appeal resulted from probation violations, and not new convictions. Under these circumstances, a sentence of total confinement is appropriate if "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned" or "such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A.

§ 9771(c)(2), (3). An offender's repeated failures to reform his conduct while out of prison can justify a sentence of total incarceration. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1254 (Pa. Super. 2006). Likewise, the sentencing court is in the best position to observe an offender's "character, defiance, and indifference" when determining the length of a sentence of incarceration after revocation. ***Id.***

Appellant argues his sentence is too severe because his probation violations involved throwing "objects around the house of his mother" and failing to pay fines and costs. Appellant's Brief at 10. Appellant's revocation sentence did not result from the commission of a new offense. Appellant argues a sentence of county incarceration and anger management would have been appropriate. ***Id.*** at 11. Appellant also argues the trial court failed to explain the reasons for the five to ten year sentence.

The sentencing court stated that it was aware of Appellant's criminal background, including his history of resentencing. N.T. Sentencing, 3/4/15, at 6. The court noted Appellant engaged in a "temperamental outburst" at his mother's house, where he lived. ***Id.*** at 7. During that outburst, Appellant was throwing things, and the sentencing court described the outburst as "potentially dangerous." ***Id.*** at 7, 12. The sentencing court did not believe, based on Appellant's history, that he was amenable to treatment. ***Id.*** at 9. Appellant appeared in front of the sentencing court as both a juvenile and adult offender, and the court noted that Appellant has

repeatedly reoffended when out of prison. ***Id.*** at 11. The court believed Appellant was capable of further outbursts during which he might injure somebody. ***Id.*** at 9.

Furthermore, the trial court believed a lengthy sentence of incarceration was necessary to vindicate the authority of the court, given Appellant's history of reoffending. ***Id.*** at 9-10. The court noted that Appellant was becoming emotional during the sentencing hearing. ***Id.*** at 12. The court stated:

> Let me tell you what I'm observing. Stop talking. I know what you're going to say. Everyone in this courtroom is saying, Shawn is getting a little off tilt. And that's something you need to control for the safety of the community, for the safety of your family and your child. And that's why I'm giving you this sentence because, obviously, you haven't matured. You didn't get into programming when you were on the street and had the opportunity.
>
> So the best chance is for you to go down to state prison and not sit there and go, well, I'll wait for my time to see if I'll get paroled because they're putting a lot of people out the door. It's getting into the right program to find way [sic] to control your temperament and to be patient and do programming when you're out on street [sic] so that you can get back into the community. [. . .] [Y]ou've got to get your temper under control.

***Id.*** at 13.

In summary, the record does not support the Appellant's argument that the sentencing court failed to explain its sentence. The court found that incarceration was necessary to vindicate its authority and to protect the community, in accord with § 9771(c)(2) and (3). The court believed a

lengthy sentence would give Appellant time to obtain treatment and learn to control his temper. As we stated in **Malovich**, the sentencing court is in the best position to make these observations. **Malovich**, 903 A.2d at 1254. This is especially so where, as here, the trial court has presided over the offender as both a juvenile and as an adult. The court sufficiently explained both its decision to incarcerate Appellant and its decision to impose a lengthy period of incarceration. Based on all of the foregoing, we discern no abuse of discretion. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016