J-S09040-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MICHAEL ROMAIN HINTON, :
:
Appellant : No. 1333 WDA 2018

Appeal from the Judgment of Sentence Entered September 11, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003923-2017

BEFORE: PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: FILED APRIL 25, 2019

Michael Romain Hinton (Appellant) appeals from the September 11, 2018 judgment of sentence of an aggregate term of three-and-a-half to seven years of incarceration imposed after he pleaded guilty to simple assault and indecent assault. Upon review, we affirm.

At the time of the aforementioned offenses, Appellant was serving a sentence of life in prison without parole at SCI Albion in Erie County. While incarcerated, Appellant threatened another prisoner in order to get that individual to "perform oral intercourse on [Appellant], and [Appellant attempted] to penetrate the victim's anus with [his] penis." N.T., 4/4/2018, at 10. As a result of this incident, Appellant was charged with a number of offenses, and on April 4, 2018, Appellant pleaded guilty to the aforementioned crimes. On September 11, 2018, Appellant was sentenced

_____
* Retired Senior Judge assigned to the Superior Court.

to one to two years of incarceration for simple assault and two-and-a-half to five years of incarceration for indecent assault. These sentences were to run consecutively to each other and consecutively to Appellant's life sentence.

Appellant timely filed a post-sentence motion, claiming that the trial court abused its discretion in sentencing Appellant where the trial court failed to consider mitigating factors, gave greater weight to impermissible factors, and sentenced Appellant in the aggravated range for indecent assault. Post-Sentence Motion, 9/12/2018. The trial court denied that motion, and Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant contends his "sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the sentencing code." Appellant's Brief at 3. This issue implicates the discretionary aspects of Appellant's sentence; accordingly, we bear in mind the following.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

- 2 -

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant timely filed a post-sentence motion and notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. We now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Griffin, 65 A.3d at 935 (citation and quotation marks omitted).

In his 2119(f) statement, Appellant argues that he has raised a substantial question because "the sentencing court failed to sufficiently state [on the record] its reasons for the sentence imposed" and because the "sentence is excessive [where] the trial court relied upon an impermissible factor." Appellant's Brief at 6. Both arguments present substantial questions. See Commonwealth v. Simpson, 829 A.2d 334, 338 (Pa. Super. 2003) (holding claims that "the trial court failed to sufficiently state

- 3 -

its reasons for the sentence imposed" and that "the sentencing court relied upon impermissible factors" raise substantial questions).

We address the merits of this claim mindful of the following.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\* \* \*

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

Commonwealth v. Antidormi, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

As a general matter, Pennsylvania's sentencing scheme, with its guidelines and suggested minimum sentences, is "indeterminate, advisory, and guided" in its nature. Pennsylvania judges retain broad discretion to sentence up to and including the maximum sentence authorized by statute; "the only line that a sentence may not cross is the statutory maximum sentence."

Commonwealth v. Gordon, 942 A.2d 174, 182 (Pa. 2007) (citations omitted). "Traditionally, the trial court is afforded broad discretion in sentencing criminal defendants 'because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'"

Commonwealth v. Mouzon, 812 A.2d 617, 620 (Pa. 2002); see also

Commowealth v. Melvin, 172 A.3d 14, 21 (Pa. Super. 2017) ("To be clear,

while the court must consider the guidelines, the court is also afforded broad

discretion in sentencing matters, as it is in the best position to evaluate the

individual circumstances before it.").

Here, the trial court offered the following explanation at sentencing.

In this case, I've got a defendant here who is serving a life
sentence for murder and has no possibility of parole, unless he's
successful in some other forum, but that's not the moving factor
here, though. Before me is a plea and [Appellant] says he has
[pleaded] guilty, although he clearly doesn't admit even now
that he actually did the act, but he indicates he's [pleaded]
guilty, thus a plea.[1]

I'm not going to punish [Appellant] for continuing to deny
it, nor am I going to adopt that he gets some credit for
acceptance of responsibility. The record here is to the contrary.

So I've considered the Pennsylvania Sentencing Code, the
presentence report, the guidelines; I looked at the statement of
[Appellant], his counsel, the Commonwealth; I looked at
[Appellant], his age, his background, his character, his
rehabilitative needs and the nature and circumstances of the
offense and its seriousness.

And here, although [Appellant] is incarcerated, this offense
proves that he is a danger to others in the prison community,
other inmates. The sexual assault that occurred here is a way

---

[1] Despite having pleaded guilty, at sentencing, Appellant explained to the trial court that there is another prisoner at SCI Albion with the same name as Appellant, who is incarcerated for committing rape. N.T., 9/11/2018, at 19. It is Appellant's position that the other prisoner must have committed these crimes, because all of Appellant's cases have "been [for] drugs, guns and murder." Id. However, according to the affidavit of probable cause, a DNA test was performed, and the victim's DNA was found in Appellant's underwear. Trial Court Opinion, 11/7/2018, at 1.

not only of gratifying sexual desire, but intimidating others and demonstrating power.

N.T., 9/11/2018, at 23-24.

The trial court then acknowledged that the standard-range minimum sentence for simple assault in Appellant's case was one year of incarceration, and the trial court sentenced Appellant in the standard range to a minimum term of one year of incarceration. Id. at 24. The trial court then pointed out that the standard-range minimum sentence for indecent assault in Appellant's case is 18 months of incarceration, but "because of the depraved nature of the act," the trial court imposed an aggravated-range minimum sentence of 2½ years of incarceration. Id.

According to Appellant, the "depravity" of the crime "is calculated into the elements and parameters of the offense" and is therefore "not an appropriate factor to consider outside of the statutory scheme." Appellant's Brief at 8. Thus, Appellant argues that the trial court "failed to support its reasons for [sentencing in the aggravated range] on the record and in consideration of the sentence, as a whole, relied upon impermissible factors." Id.

"A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." Commonwealth v. Stewart, 867 A.2d 589, 592–93 (Pa. Super. 2005). However, "[i]t is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a

sentence to the aggravated or mitigated range." Simpson, 829 A.2d at 339. "Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if[] they are used to supplement other extraneous sentencing information." Id.

The sentencing code specifically permits a trial court to consider the "gravity of the offense" in fashioning its sentence. See 42 Pa.C.S. § 9721(b). Thus, the depraved nature of a crime is a legal factor to consider, and the trial court's considering it was neither impermissible nor improper. Therefore, Appellant is not entitled to relief on this basis.

Moreover, our review of the trial court's reasoning leads us to conclude that the trial court took into account a number of factors in support of its determination that Appellant should be sentenced in the aggravated range for indecent assault. In particular, the trial court focused on the fact that Appellant took advantage of a "fellow prisoner, [who] had no means to escape Appellant's deviant predations." Trial Court Opinion, 11/7/2018, 7. Moreover, despite pleading guilty, Appellant still denied having contact with the victim at sentencing despite victim's DNA having been found in Appellant's underwear. In addition, the trial court considered the fact that Appellant's actions rendered him a danger to the prison community. Based on the foregoing, the trial court considered a number of legal and relevant factors in reaching its conclusion that Appellant's indecent assault conviction warranted an aggravated-range sentence. See Simpson, 392 A.2d at 339

(holding Simpson's aggravated-range sentence was appropriate where the "trial court considered not only Simpson's prior record but also the impact on the victim, the threat to the community, lack of successful rehabilitation and the fact that Simpson was on probation and under supervision at the time of the offense"). In addition, as discussed supra, the trial court set forth its reasoning on the record at sentencing, and supported that reasoning in its Pa.R.A.P. 1925(a) opinion. See Trial Court Opinion, 11/7/2018, at 6-9.

Based on the foregoing, we discern no abuse of discretion in the trial court's sentencing of Appellant; thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2019