J-S64034-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARVEY LEROY DETTERLINE, III | : | |
| | : | |
| Appellant | : | No. 871 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 23, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000388-2018

BEFORE:  BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 FILED DECEMBER 10, 2019

Harvey Leroy Detterline, III (Detterline) appeals from the judgment of

sentence of 20 to 40 years' imprisonment imposed by the Court of Common

Pleas of Elk County (sentencing court) after a jury convicted him of third-

degree murder.  We affirm.

Detterline lived in an apartment with Brittany Dilley and her fiancé

Richard Hicks.  Because Hicks suspected Detterline of having sexual relations

with Dilley, they did not like each other resulting in some physical altercations.

On August 16, 2018, all three were in the apartment when Dilley and Hicks

got into an argument that ended with Hicks storming out without taking a key

to get back in.  While he was gone, Detterline and Dilley locked the apartment

door and had sex.  While the two were having sex, Hicks returned and

_____

[*] Retired Senior Judge assigned to the Superior Court.

demanded to be let in. Despite Dilley telling him to let Hicks back in, Detterline would not and said that he would stab Hicks if he got back in because he was tired of being bullied by him. When Hicks eventually left, Detterline armed himself with a knife. Hicks soon returned and yelled at Detterline through the apartment door until he ran to a side window and climbed inside to fight with Detterline. The fight, however, was short-lived because Detterline stabbed Hicks in the chest with the knife. The wound punctured Hicks's heart, causing him to die within minutes. Detterline was charged with criminal homicide, 18 Pa.C.S. 2501(a).

Detterline proceeded to a two-day jury trial and testified that he killed Hicks in self-defense but the jury disagreed and found him guilty of third-degree murder, 18 Pa.C.S. § 2502(c).[1] Because he had a prior record score of zero, Detterline's standard range guidelines were 72-SL (statutory limit). Despite his lack of a criminal record, the sentencing court ordered Detterline to serve 20 to 40 years' imprisonment, the statutory maximum for third-degree murder. Detterline filed a timely post-sentence motion averring that the sentencing court failed to consider his rehabilitative needs. After that motion was denied, Detterline filed this direct appeal to argue that the sentencing court imposed an excessive sentence.

_____

[1] Detterline was charged with several other lesser-included offenses, but the trial court's verdict slip instructed the jury not to consider those offenses if it found him guilty of third-degree murder.

- 2 -

Detterline's sole issue implicates the discretionary aspects of his sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." Commonwealth v. Grays, 167 A.3d 793, 815 (Pa. Super. 2017). Before reaching the merits of a discretionary sentencing issue, we conduct the following four-part analysis:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Grays, 167 A.3d at 815-16 (citation omitted).

Detterline has complied with the first three requirements: he timely appealed; he preserved his claim it in a post-sentence motion to modify sentence; and he has included in his brief a Pa.R.A.P. 2119 statement. We must thus determine whether his claim raises a substantial question.

This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa. Super. 2014) (quotation omitted). Additionally, this Court has held that a claim that the sentencing court failed to sufficiently state its reasons for the sentence imposed raises a substantial question. See Commonwealth v. Simpson, 829 A.2d 334, 338 (Pa. Super. 2003).

Detterline alleges, as he did in his post-sentence motion, that the sentencing court gave neither adequate consideration to his rehabilitative needs as required by 42 Pa.C.S. § 9721(b) nor sufficient explanation for its imposition of the statutory maximum. When coupled with his excessiveness claim and the sentencing court's imposition of a statutory maximum sentence, we conclude Detterline's challenge presents a substantial question and address its merits.[2]

While Detterline asserts enough for merits review, his argument for why the sentencing court abused its discretion is largely confined to the following paragraph at the end of his brief:

> The [sentencing] court in this case failed to give meaningful consideration to defendant's rehabilitative needs, and lack of a prior record score. At no time during the sentencing process in this case did the court indicate whether or not it considered defendant to be a good, or poor, candidate for rehabilitation. The court merely said that the sentence imposed should call for the minimum amount of confinement consistent with, inter alia, the rehabilitative needs of the defendant. In this case the court engaged in a checklist type of sentencing where it mentioned in

_____

[2] Our standard of review of an excessive sentence claim is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Hyland, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted).

> passing the factors necessary to touch upon at time of sentencing, (i.e. protection of the public, vindicate the authority of the court, failure to show remorse, gravity of the offense, rehabilitative needs of the defendant), in order to justify giving defendant the maximum sentence allowed by law.

Brief for Detterline at 14.

Because Detterline was convicted of third-degree murder, the sentencing court necessarily had a broad standard range in which to impose its sentence, ranging from a minimum of six years' imprisonment up to 20 years. Further, the sentencing hearing transcript reflects that the court had the benefit of a pre-sentence report, which Detterline's counsel stated he reviewed with his client at the sentencing hearing. N.T., 5/15/19, at 2. As this Court has stated, "where the [sentencing] court imposes a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011) (citing Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010)). Under such circumstances, we "presume the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Luketic, 162 A.3d 1149, 1165 (Pa. Super. 2017) (quoting Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)).

Further, the sentencing court put on the record its reasons for imposing the statutory maximum:

> Sentence imposed should call for a minimum amount of confinement consistent with protection of the public, gravity of the

offense and rehabilitative needs of the defendant. I considered probation, objected to same because I know - - I feel that you knew or you should have known that your conduct would cause serious bodily injury or death to another and did result in death; that you contemplated that your conduct would cause this type of harm with the use of a deadly weapon. You were not acting under any strong provocation. There are no grounds tending to excuse or justify your conduct in this matter. The victim did not in any way induce or facilitate the acts of the defendant since it was his home. You've not been able to compensate nor will you ever be able to compensate the victim or others as a result of your actions.

I've chosen total confinement because I think a lesser sentence would seriously depreciate the nature of your crime.

N.T., 5/15/19, at 4-5.

Based on this statement, the court weighed the facts and circumstances of the killing over the rehabilitative needs of Detterline, which, in any event, neither he nor his counsel bothered to highlight at the sentencing hearing. In fact, their presentation to the sentencing court consisted of defense counsel pointing out that Detterline cooperated with the police after he killed Hicks and Detterline briefly apologizing. Id. at 2-3. Accordingly, we find that the sentencing court did not abuse its discretion in sentencing Detterline to the statutory maximum for his third-degree murder conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/10/2019