J-S11013-24
J-S11014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD GEORGE RAY | : | |
| | : | |
| Appellant | : | No. 1740 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000998-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD GEORGE RAY | : | |
| | : | |
| Appellant | : | No. 1741 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003099-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD GEORGE RAY | : | |
| | : | |
| Appellant | : | No. 1809 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002983-2022

J-S11013-24
J-S11014-24

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RONALD GEORGE RAY :
:
Appellant : No. 1810 EDA 2023

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003764-2022

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED APRIL 25, 2024**

These related appeals by Ronald George Ray were taken from the judgments of sentence imposed after he pled guilty to driving under the influence of a controlled substance ("DUI"), driving under suspension – DUI related ("DUS"), and terroristic threats, which triggered revocation of his probation and resentencing on convictions in two prior cases. All appeals present the same legal issue, namely, whether the trial court imposed a manifestly excessive sentence. For the reasons discussed below, we affirm the judgments of sentence in all matters.

On May 22, 2023, Appellant entered an open plea of guilty to a third-offense DUI and third or subsequent DUS at case number 2983-22. The same day, he also pled guilty to one count of terroristic threats at case number 3764-22. In light of these new convictions, the trial court determined that

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Appellant violated the terms of his probation at case numbers 3099-19 and 998-20 ("VOP cases"). The underlying charges in the VOP cases and the new conviction for terroristic threats were all based upon incidents of domestic violence. The court scheduled sentencing as to all four matters for June 1, 2023. Appellant waived the right to a pre-sentence investigation.

At the sentencing hearing, the court noted that Appellant's DUI conviction carried a mandatory minimum of one year in jail while the DUS called for a mandatory minimum of six months. Through counsel, Appellant asked the trial court to impose a total aggregate sentence of one to seven years for all cases, consistent with the mandatory minimum for the DUI offense, so that he could remain in the county jail. Counsel highlighted to the court that Appellant has long battled mental health and substance abuse issues. The Commonwealth, on the other hand, requested an aggregate state sentence of two to nine years, contending that Chester County lacked any additional resources or programs that could assist Appellant.

Ultimately, as to the VOP cases, the court revoked probation and resentenced Appellant to a collective 160 days to twenty-three months in jail, with credit for 160 days, paroling Appellant immediately. Regarding the DUI, DUS, and terroristic threats charges, the court imposed a total sentence of eighteen months to eight years in prison, followed by five years of probation.

In all four cases, Appellant timely filed a post-sentence motion challenging the length of his sentence. The motions were denied without a hearing. On June 30, 2022, Appellant filed timely notices of appeal in each

matter, and he complied with the court's order to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). The trial court entered identical Rule 1925(a) opinions in each case. On appeal, this Court consolidated *sua sponte* the two appeals arising from the VOP cases into one matter, and separately consolidated the appeals stemming from his new convictions into another. The briefs filed by Appellant and the Commonwealth in each consolidated appeal are materially identical. Accordingly, we have elected to dispose of all four cases in a single memorandum.

Appellant presents us with a single issue: "Did the court abuse its discretion in sentencing [Appellant] to [eighteen] to [ninety-six months] of incarceration with [five] years of probation[,] as the trial court violated the express provisions of the Sentencing Code?" Appellant's briefs at 8 (cleaned up).[1]

Appellant's claim implicates the discretionary aspects of his sentence. It is well-settled that a defendant does not have an absolute right to review of such a challenge by this Court:

> Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

_____

[1] Our use of the plural here reflects that Appellant's briefs are the same in each appeal.

*Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up). In addressing whether a defendant has presented a substantial question, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Rhoades*, 8 A.3d 912, 616 (Pa.Super. 2010) (cleaned up).

Here, Appellant timely appealed and preserved this issue in his post-sentence motions. He also included a Pa.R.A.P. 2119(f) statement in his briefs, asserting that he raised a substantial question because the court: (1) failed to consider his rehabilitative needs, (2) neglected to state the reasons for its judgment on the record, and (3) imposed a manifestly excessive sentence. *See* Appellant's briefs at 5-6. This constitutes a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"); *Commonwealth v. Simpson*, 829 A.2d 334, 338-39 (Pa.Super. 2003) (finding that an allegation that the trial court did not sufficiently state the reasons for its sentence on the record raises a substantial question).

Turning to the merits of these claims, our standard of review is as follows:

> Appellant must demonstrate that the sentencing court abused its discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish,

by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Solomon*, 247 A.3d at 1168 (cleaned up).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa.Super. 2022) (cleaned up). Furthermore, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

With this background in mind, we address Appellant's arguments. He contends that the imposed sentence demonstrates the trial court's bias against him because it focuses on the protection of the community and Appellant's criminal past, but not his rehabilitative needs. *See* Appellant's briefs at 16-17. Appellant asserts that instead of a lengthy prison sentence, he needed "proper mental health and drug treatment[.]" *Id*. at 16. He avers that the court's failure to "allude to or acknowledge" his mental health or drug issues on the record is evidence that it did not fashion a sentence consistent

with his rehabilitative needs, and thus the court neglected to properly consider the criteria identified in § 9721. *Id*. at 17.

On review, we find no abuse of discretion with the trial court's sentence. More particularly, we reject Appellant's assertion that the court did not articulate the reasons for its decision on the record or that it failed to consider his rehabilitative needs. During the sentencing hearing, the court specifically stated that it was mitigating the sentence imposed in the VOP cases based upon the evidence presented by counsel as to Appellant's mental health and drug usage concerns. *See* N.T. Sentencing, 6/1/23, at 28 ("The guidelines are seven to nine months. So[, by giving time served,] I'm taking in the mitigation that your attorney has made a good record about your mental health and everything else.").

Further, the court expressly articulated its reasoning for the sentences. It acknowledged Appellant's "drug use" and that there was a "mental health component," but stated that it had to contend with reoccurring DUI's and domestic violence. *Id*. at 22. The court additionally emphasized the serious nature of Appellant's third DUI offense, stating: "When it gets to the third DUI, I get concerned, because I have had people dying because of DUI's, and you have kids. I bring – I have people coming in here who lost their children to drunk driving or a high driver." *Id*. at 26. Moreover, there is no dispute that at the outset of the hearing, the Commonwealth stressed to the court that there were no county programs available that would benefit Appellant. *Id*. at 3. This information informed the court's decision to impose a state

sentence for the DUI, DUS, and terroristic threat convictions, so that Appellant would have access to a wider array of treatment options.

Finally, in rebutting Appellant's claim that the sentence was excessive, the trial court stated thusly:

> The court took into account all relevant factors, and considered the protection of the public, the gravity of the offense, and the rehabilitative needs of . . . Appellant. After considering the seriousness of the crimes charged, the impact these crimes had on the victim and the community, and all other factors, the court determined that the sentence imposed was warranted. The Commonwealth was actually seeking a longer sentence of [two to nine] years [of] imprisonment, while [Appellant] was asking for [one to seven] years. It should be noted that the sentence Appellant received [with respect to the guilty pleas] was between what the Commonwealth and [Appellant] were asking for, and was well within the statutory limit for the crimes for which he was sentenced. The sentencing guideline ranges were [twelve to eighteen] months for the DUI charge and [three to fourteen] months for the terroristic threats charge. His sentence of [eighteen to ninety-six] months was within the standard range for the crimes to which he pled guilty. Accordingly, Appellant's sentence is proper and should be upheld.
>
> The court notes that [Appellant] has previously been incarcerated at the Chester County Prison and has exhausted all programs and resources available to him there. The Commonwealth argued that Appellant should receive a state sentence so [that] he could obtain additional services at the state level. The court agreed, and therefore, sentenced Appellant to a state sentence. Based on Appellant's prior record, his needs for additional services, and the failure of all prior rehabilitative attempts at the county level, the court properly sentenced Appellant to a state sentence.

Trial Court Opinion, Case Number 2983-22, 10/10/23, at 3-4 (cleaned up).

In sum, the trial court considered all necessary factors and properly placed the reason for the sentences on the record. Accordingly, we affirm the judgments of sentence as to the VOP cases and Appellant's guilty pleas.

- 8 -

Judgments of sentence affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/25/2024