J-S39037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD L. OSTRANDER, JR., | : | |
| | : | |
| Appellant | : | No. 1432 MDA 2015 |

Appeal from the Judgment of Sentence July 15, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division, at No(s): CP-40-CR-0001442-2014

BEFORE:    STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 29, 2016**

Richard L. Ostrander, Jr. (Appellant) appeals from the July 5, 2015 aggravated range judgment of sentence of 36 to 66 months incarceration imposed following his conviction for driving under the influence, unauthorized use of a motor vehicle, and driving with a suspended license. We affirm.

The trial court set forth the relevant factual background of this case as follows.

> The facts that give rise to this action occurred on April 12, 2014. On that date, Colleen Shiloski called the police reporting that [] Appellant [] had taken her Toyota Camry without her permission.  A short while later, [Appellant] was located driving the Toyota Camry.  Upon being approached by police officers, they observed that he had a smell of alcohol on his breath as well as slurred speech and glossy eyes.  He was taken for a blood test to determine his blood alcohol content (BAC), which he agreed to.  His BAC was .30 %.  A check of his driving record

*Retired Senior Judge assigned to the Superior Court.

indicated that this was his fourth (4th) DUI offense as well as that his license was suspended, DUI-related, previously.

On February 23, 2015, Appellant entered a guilty plea to count I, driving under the influence under § 3802(a)(1), count II, driving under the influence § 3802(c); count III unauthorized use of a motor vehicle, and count IV, driving while license is suspended with a BAC of .02 or greater under § 1543(b)(1.1)(i).

Subsequent thereto, on July 15, 2015, [] Appellant was sentenced as follows: count I merged with count II for the purposes of sentencing, count II, DUI, 4th offense with an offense gravity score of five (5) and a prior record score of five (5), the standard range being twelve (12) to eighteen (18) months and an aggravated range of [eighteen to ] twenty-one (21) months. The [trial court] sentenced [] Appellant to a period of incarceration of not less than twenty-one (21) months [to] no more than forty-two (42) months in a State Correctional Facility. As to count III, unauthorized use of a motor vehicle with an offense gravity score of 2 and prior record score of 5, the standard range of one (1) to nine (9) months with the aggravated range [of nine to] twelve (12), [] Appellant was sentenced to a period of incarceration of not less than twelve (12) months [to] no more than twenty-four (24) months consecutive to count II. Count IV, driving while operating license is suspended or revoked had a mandatory minimum of ninety (90) days of incarceration consecutive to count III. Thus, [] Appellant was sentenced to an aggregate sentence of thirty-nine (39) to sixty-nine (69) months.[1]

Trial Court Opinion (TCO), 12/15/2015, at 1-2 (unnecessary capitalization omitted).

_____

[1] At sentencing the trial court pronounced an aggregate sentence of 39 to 69 months of incarceration. This miscalculation of the sum of Appellant's sentence was later corrected on the written sentencing order to reflect the correct aggregate sentence of 36 to 66 months.

Appellant timely filed a motion to modify and/or reconsider his sentence on July 16, 2015. Appellant's motion was denied by the trial court on July 21, 2015. This timely-filed appeal followed.[2]

Appellant states the following issue for this Court's consideration: "Was the [t]rial [c]ourt's sentence of Appellant an abuse of discretion by sentencing [Appellant] in the aggravated range of the sentencing guidelines?" Appellant's Brief at 2.

Appellant's question challenges the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

The record reflects that Appellant timely filed a notice of appeal and that Appellant preserved the issue by timely filing a motion for

---

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 3 -

reconsideration of his sentence. While Appellant has failed to include in his brief a statement pursuant to Pa.R.A.P. 2119(f),[3] the Commonwealth has not objected to this omission, and therefore, we will not find waiver. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006) (quoting **Commonwealth v. Bonds,** 890 A.2d 414, 418 (Pa. Super. 2005)) ("[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f).").

We now consider whether Appellant has presented substantial questions for our review. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

---

[3] **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting **Commonwealth v. Mouzon**, 571 Pa. 419, 435, 812 A.2d 617, 627 (Pa. 2002)) ("An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate 'the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.'").

A review of Appellant's brief reveals an attempt to make an argument that the trial court considered only Appellant's prior record when determining his sentence. **See** Appellant's Brief at 6-7. [4] A claim alleging this error raises a substantial question. **See Commonwealth v. Crork**, 966 A.2d 585, 590 (Pa. Super. 2009) (holding a claim that a sentence is excessive because trial court improperly relied only on prior record raised a substantial question for review).

In addressing Appellant's issue, the trial court offered the following:

In the instant matter, the [trial court] at the sentencing hearing, indicated what the maximum sentence [was] for the offenses to which the Appellant pled guilty. The record reflects the [trial court] had the opportunity to accept [] Appellant's guilty plea as knowingly and voluntarily entered. In addition, the [trial court] listened to arguments articulated by defense counsel and the Commonwealth and reviewed the [p]re-[s]entencing [i]nvestigation [r]eport.

Specifically, the [trial court] noted that [] Appellant's criminal history contained not just nine (9) DUI's but various other crimes dispersed throughout [] Appellant's lifetime, including forgeries, felony forgeries, and bad checks. His prior DUI history involved harms to others, car chases, and accidents.

---

[4] At the outset, we note that although Appellant acknowledges he was sentenced in the aggravated range, he nonetheless refers to his sentence as one that deviates from the prescribed sentencing guidelines. **See** Appellant's Brief at 6 ("Where an excessive sentence claim is based on deviation from the sentencing guidelines…" and "In this case at hand, the record is lacking the specific pronouncement in which the [trial court] specifically states of record the factual basis and specific reasons which compelled the [trial court] to deviate [from] the standard range."). Appellant's reliance on case law discussing the deviation from the sentencing guidelines and the requirements of the trial court when sentencing a defendant as such is misplaced, since Appellant was sentenced within the aggravated range prescribed by the guidelines. To the extent Appellant is making a claim on this premise, it fails.

The [trial court] also noted the numerous [c]ourt [o]rdered rehabilitation opportunities, drug and alcohol counseling and other services that were ordered through prior probation periods- all of which failed to rehabilitate [] Appellant. The [trial court] also opined [] that a lesser sentence would depreciate the seriousness of this crime, specifically, his 4th DUI for sentencing purposes and approximately 9th overall. In addition, the [trial court] pointed out that this particular crime was committed while he was released on bail in another matter. The [trial court] additionally had concerns that many of the prior [DUIs] involved [] Appellant speeding, hitting other cars and leaving the scene of a crime(s), which shows that [] Appellant has a "mind that is regardless of social consequence." It is evident, the [trial court] noted, that [] Appellant does not understand the nature of his conduct, that his continuous abuse of alcohol, despite his multiple arrests and multiple treatment opportunities, make him a danger to society. Also, in the case at bar, [Appellant] was driving another person's automobile in the commission of this crime.

TCO, 12/15/2015, at 3-4 (citations removed).

Contrary to Appellant's assertion, this Court finds the trial court did not rely solely on Appellant's prior record score. Specifically, the trial court noted at sentencing that "[a]fter [the trial court's] review of the presentence investigation, after [the trial court's review] of [Appellant's] extensive criminal history, after [the trial court's] review of [Appellant's] continuous abuse of alcohol, despite multiple arrests and multiple opportunities for treatment, [the trial court] finds [Appellant] a danger to society. [The trial court finds] that prior probation has failed to rehabilitate [Appellant] and [the trial court believes a lesser] sentence would depreciate the seriousness of this crime." N.T., 7/15/2015, at 5. It is clear that the trial court considered more than the mere fact that Appellant had a prior record. In

fact, the record reflects that in addition to Appellant's prior record, the trial court considered other pertinent factors, such as the danger to the community and the rehabilitative needs of Appellant. The trial court is permitted to consider Appellant's prior record as long as it is not the sole reason for sentencing Appellant in the aggravated range. **See Shugars**, 895 A.2d at 1275 (quoting **Commonwealth v. Simpson**, 829 A.2d 334, 339 (Pa. Super. 2003)) ("It is impermissible for a court to consider factors already included within the sentencing guidelines as the *sole* reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines *if*, *they are used to supplement other extraneous sentencing information.*") (emphasis in original).[5]

We are not persuaded by Appellant's argument that the trial court relied solely on his prior record when imposing Appellant's sentence, as the record indicates otherwise. No relief is due.

Judgment of sentence affirmed.

---

[5] Furthermore, we note that the trial court ordered and received a pre-sentence report (PSI) prior to sentencing. "[W]here the sentencing judge had the benefit of a PSI, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016