J-S50021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CEDRIC DARNELL BOSWELL :
:
Appellant : No. 2314 EDA 2016

Appeal from the Judgment of Sentence June 1, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004801-2015

BEFORE: PANELLA, J., RANSOM, J., and PLATT*, J.

MEMORANDUM BY RANSOM, J.: **FILED MARCH 27, 2018**

Appellant, Cedric Darnell Boswell, appeals from the judgment of sentence of thirteen to twenty-six years of incarceration, imposed June 1, 2016, following a jury trial resulting in his convictions for trafficking in individuals, promoting prostitution, simple assault, and criminal use of a communication facility.[1]  We affirm.

Based on the trial court opinion and certified record, the relevant facts and procedural history of this case are as follows.  ***See*** Trial Court Opinion (TCO), 8/22/16, at 1-15; Notes of Testimony (N.T.), 4/18/16, at 63-218; N.T., 4/19/16, at 60-61.

---

[1] 18 Pa.C.S. §§ 3011(a)(2), 5902(b)(3), 2701(a)(1), and 7512(a) respectively.

---

* Retired Senior Judge assigned to the Superior Court.

In June 2015, Pennsylvania State Troopers conducted an investigation into human trafficking and prostitution. To that end, the investigating team rented two rooms at the Staybridge Suites in Allentown, PA. During their investigation, the team found postings on backpage.com advertising escort services and providing phone numbers to contact for those services. Trooper O'Malley selected an ad and texted the phone number provided. Trooper O'Malley made contact with a woman, later identified as J.P.,[2] and asked her to come to room 209 at the hotel.

When J.P. arrived at the room, Trooper O'Malley was in an adjacent room, listening. Inside room 209, J.P. offered Trooper Michael Acevedo sexual favors for money. J.P. was detained and interviewed by Trooper O'Malley. According to J.P., Appellant had arranged the prostitution appointment for her earlier in the day and was waiting for her outside in the parking lot in her car. J.P. suggested that Appellant received all of the money she earned by performing sexual acts. J.P. also informed Trooper O'Malley that she had observed Appellant strike another female prostitute in the face, knocking her to the floor.

Other troopers went to the parking lot and arrested Appellant.[3] At the

---

[2] We will refer to the women who are victims of sex crimes by their initials to protect their privacy. **See** 18 Pa.C.S.A. § 3019(a).

[3] Another woman, S.S., was also in the car with Appellant and was arrested on an outstanding bench warrant.

time of the arrest, Appellant had a cell phone in his hands. Appellant's cellphone was seized, and a search warrant was obtained for its contents. Recovered from the phone were: provocative pictures of women, many of which had been posted on backpage.com; other ads placed on backpage.com; a video of a woman appearing drugged; various text messages related to the business of prostitution; and a text message in which the sender, Appellant, apologized for hitting the recipient, A.L.

Prior to trial, Appellant filed a motion in limine, seeking to preclude the admission of the responsive text messages recovered from his phone. According to Appellant, the responsive text messages from non-testifying witnesses was inadmissible hearsay that was not authenticated as to who was responding. N.T., 4/18/16, at 18, 33. The motion was denied because there was circumstantial evidence to authenticate the authors of the text messages and the messages were to give a "complete picture and the history of their relationship and the history of the case." *Id*. at 35, 39-40.

In April 2016, trial commenced. In addition to providing evidence supporting the background set forth above, the Commonwealth presented expert testimony from Special Agent Stefanie Snyder who participated in the investigation.[4] *See* N.T., 4/18/16, at 71, 79. According to Special Agent Snyder, human sex trafficking is the exchange of sex for anything of value

_____

[4] Special Agent Snyder is employed as an investigative agent by the Department of Homeland Security. *Id*. at 65.

(i.e. drugs, money, or a place to stay) through the use of force, fraud or coercion. *Id*. at 69-70. Agent Snyder also testified that prostitution has become more anonymous with the use of the internet to advertise for services. *Id*. at 70.

J.P. testified at trial. She described the manner in which Appellant operated the prostitution business, including his reliance on text messaging and backpage.com. *See* N.T., 4/19/16, at 121, 125, 149-52. In addition, J.P. provided evidence concerning the assault victim in this case, A.L.[5] According to J.P., she initially met A.L. while admitted at an inpatient, rehabilitation facility in New Jersey. *Id*. at 108, 110. A.L. was a patient, seeking treatment for an addiction to heroin. *Id*. A couple of months later, J.P. saw A.L. again when A.L. was with Appellant, living together in a motel. *Id*. at 111-12. J.P. described the living conditions. According to J.P.'s observations: A.L. was not permitted to leave her room unless she was engaged in prostitution for Appellant. *Id*. at 118. A.L. was the primary person to answer calls for prostitution. *Id*. at 114. All of the money A.L. earned went to Appellant. *Id*. at 118. In exchange, Appellant provided A.L. with room and board and supplied her with narcotics. *Id*. Finally, J.P. testified that in May 2015 J.P witnessed Appellant strike A.L., knocking her

---

[5] A.L. was not present at trial to testify. During its opening statement, the Commonwealth suggested that A.L. was unavailable due to her fear of Appellant. N.T., 4/18/16, at 60-61.

to the ground. *Id*. at 121-22.

Following the trial, a jury convicted Appellant of all charges. Appellant made an oral motion for acquittal, which was denied. In June 2016, Appellant was sentenced to an aggregate of thirteen to twenty-six years of incarceration, which includes consecutive, statutory maximum sentences for each of his convicted charges. Appellant timely filed a motion to modify his sentence, which the court denied in July 2016.

On July 22, 2016, counsel for Appellant timely filed a notice of appeal. In response, the trial court did not direct compliance with Pa.R.A.P. 1925(b). Nevertheless, the trial court filed an opinion pursuant to Rule 1925(a), addressing the sufficiency and weight of the evidence, as well as the court's reasoning for the sentence imposed.[6]

On appeal, Appellant raises the following issues:

A. Whether the trial court erred when it denied defendant's motion in limine and subsequent objection and permitted the Commonwealth to present testimonial, text message evidence from non-testifying witnesses?

_____

[6] It is clear from our review of the certified record that during the post-sentence period, while represented by counsel, Appellant *pro se* filed several documents with the trial court. This included, for example, a *pro se* notice of appeal. **See** *Pro se* Notice of Appeal 6/30/16. Apparently in response, the trial court issued an order directing compliance with 1925(b). **See** Docket No. CP-39-CR-0004801-2015 at entry 7/22/16. This order does not appear in the certified record. Further, the docket indicates that the trial court did not serve this order upon counsel. *Id*. Finally, we note that the *pro se* notice of appeal filed on June 30, 2016, docketed in this Court at 2211 EDA 2016, was discontinued on August 23, 2016, at the request of Appellant's counsel. *Id*. at entry 8/23/16.

   B. Whether the sentences as imposed were manifestly excessive and unduly punitive as they were beyond the aggravated range of the [Appellant's] applicable sentencing guidelines and the result of ill–will and bias toward the [Appellant]?

*See* Appellant's Brief at 6 (unnecessary capitalization omitted).

Initially, we note that the Commonwealth asserts that Appellant has waived all issues on appeal for his failure to file a Rule 1925(b) statement. Where a trial court orders an Appellant to file a statement, the Appellant must comply in a timely manner. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal. ***Id.; see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014); Pa.R.A.P. 1925(b)(4)(vii)("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

However, it is the language of the trial court's order that triggers an appellant's obligation. ***See In Re Estate of Boyle***, 7 A.3d 674, 676 (Pa. Super. 2013). Essentially, the court must advise an appellant that: (1) he has twenty-one days from the date of entry of the 1925(b) order to file the statement; (2) the statement must be filed of record; (3) the statement should be served on the trial judge pursuant to paragraph (b)(1); and (4) any issue not included in the statement timely filed and served will be deemed waived. ***Greater Erie Indus. Development Corp.***, 88 A.3d at

225-26. Additionally, the trial court must serve notice on an appellant's counsel, or on the appellant if unrepresented, and note on the docket that notice was given. **Id**. at 226; Pa.R.Crim.P. 114. Failure to adhere to these requirements will preclude waiver. **In re L.M.**, 923 A.2d 505, 509-10 (Pa. Super. 2007) (holding that the "strict application of the bright line rule in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1990),] necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders and a failure to give notice will prevent waiver" for timeliness pursuant to Pa.R.A.P. 1925(b)).

The trial docket reflects that the court issued a Rule 1925(b) order on July 22, 2016.[7] **See** Docket No. CP-39-CR-0004801-2015 at entry 7/22/16. However, the court served this order upon Appellant only and not counsel of record. **Id**. Because Appellant was represented by counsel at the time the court issued its order, the court was required to serve counsel. **In re L.M.**, 923 A.2d at 510. Consequently, we decline to find that Appellant has waived his issues. **Id**. Thus, we will address the merits of Appellant's issues raised on appeal.

_____

[7] The certified record does not contain a copy of the 1925(b) order. Therefore, this Court is not able to consider the sufficiency of the order itself. **See Commonwealth v. Walker**, 878 A.2d 887, 888 (Pa. Super. 2005); **see also Commonwealth v. O'Black,** 897 A.2d 1234, 1240 (Pa. 2006) ("[Superior Court] cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record.").

First, Appellant claims that the trial court improperly denied his motion in limine, which sought to preclude the admission of text messages from his cell phone.[8]  **See** Appellant's Brief at 12.  According to Appellant, certain text messages received by Appellant from individuals not testifying at trial were inadmissible as hearsay.  **Id**.  Moreover, according to Appellant, the trial court's limiting instructions were insufficient to counteract the prejudice against him.  **Id.** at 13, 16.  Thus, he seeks a new trial.  **Id.** at 16.

Appellant expressly challenges three text messages admitted into evidence.  The messages reflect part of three, brief conversations between: (1) Appellant and an individual identified as "Scott $"; (2) Appellant and a customer; and (3) Appellant and a prostitute, A.L.  **See** Appellant's Brief at 14-15; **see also** N.T., 4/19/16, at 63-65.[9]

_____

[8] In his motion in limine, Appellant sought to preclude the admission of all of the 5,500 text messages recovered from his phone.  Although Appellant cites to a comprehensive list compiled in Commonwealth's Exhibit 11, the exhibit was not included in the certified record to this Court.  Appellant is responsible for ensuring the record is complete.  **See** Pa.R.A.P., Rule 1911(a); **see also Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. Super 2011) (noting that appellant and his lawyer have an obligation "to identify and order that which he deems necessary to prosecute his appeal.").  In his argument section, however, he references only six text messages, three sent by Appellant and three received by Appellant in response.  Accordingly, to the extent Appellant challenges the admission of the text messages not mentioned here, he has waived those claims.  **See Commonwealth v. Harris**, 979 A.2d 387, 393 (Pa. Super. 2009).

[9] Appellant does not challenge the authentication or admissibility of those messages sent by Appellant.  **See** Appellant's Brief at 12.  They include: (1) "Want me 2 come back babe [?] 2 hours?"; (2) "Are you coming? I will leave
*(Footnote Continued Next Page)*

We note our standard of review:

In evaluating the denial or grant of a motion *in limine*, our standard of review is the same as that utilized to analyze an evidentiary challenge. It is well settled that "[t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

*Commonwealth v. Hicks*, 151 A.3d 216, 224 (2016), *appeal denied*, 168 A.3d 1287 (Pa. 2017) (internal citations and quotations omitted).

Generally, all relevant evidence is admissible, and evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." *See* Pa.R.E. 401-02. However, the court may exclude evidence where its probative value is outweighed by unfair prejudice or is needlessly

---

the room."; and (3) "I'm wrong for hittin u but u wrong for actin krazy [sic]." N.T., 4/19/16, at 63-65. We note, however, that they were admitted properly as statements of an opposing party. *See* Pa.R.E. 803(25). Rather, the three messages received by Appellant and whose admissibility he challenges on appeal are: (1) "Okay. Can you do a little better on the price?"; (2) "I think [it] was two pictures, right? Which girl are you [?] the pic on top or the pic on the bottom?"; and (3) "U cracked my tooth[;] I have to get it fixed now." Appellant's Brief at 14-15; N.T., 4/19/16, at 63-65. As noted by Appellant, the third message, A.L.'s response, was not read into the record, but Appellant argues it was displayed in court and visible to jurors. *See* Appellant's Brief at 15.

cumulative. *See* Pa.R.E. 403. We further note that "hearsay is an out of court statement offered for the truth of the matter asserted and is inadmissible unless it falls within an exception to the hearsay rule." *Commonwealth v. Mosley*, 114 A.3d 1072, 1084 (Pa. Super. 2015); Pa.R.E. 801, 802. Such exceptions include statements by party-opponents. Pa.R.E. 803(25)(A). An exception has also been recognized where such statements would establish motive, the existence of a plan, or would similarly "complete the story." *See Commonwealth v. Mayhue*, 639 A.2d 421, 434 (Pa. 1994); *Commonwealth v. Levanduski*, 907 A.2d 3, 13 (Pa. Super. 2006).

Text messages are considered electronic communications for evidentiary purposes. *Mosley*, 114 A.3d at 1081-82. "[S]uch messages are to be evaluated on a case-by-case basis as any other document to determine whether or not there has been an adequate foundational showing of their relevance and authenticity." *Id.* at 1081. Where a text message is admitted solely to prove the truth of the matter asserted, it is hearsay and subject, accordingly, to the rules and exceptions thereto. *Mosley*, 114 A.3d at 1084-85; *Commonwealth v. Koch*, 39 A.3d 996, 1005-06 (Pa. Super. 2011). Further, where there is a paucity of other evidence to support a conviction, the admission of such hearsay constitutes an abuse of discretion and warrants a new trial. *Koch*, 39 A.3d at 1006-07. However, where there is other evidence sufficient to prove that the defendant is guilty of the

crimes charged, its admission is harmless error. *Mosley*, 114 A.3d at 1085-86.

In *Mosley*, police seized text messages from the defendant's two cell phones, which "were indicative of drug related sales/activity." *Mosley*, 114 A.3d at 1077. The defendant moved to suppress the messages, asserting authentication and hearsay grounds. *Id*. The court denied the motion, and thereafter, the defendant was convicted of several drug charges. *Id*. at 1078. On appeal, this Court held that the Commonwealth had failed to authenticate the message and prove the defendant had sent the texts. *Id*. at 1084. Addressing the defendant's hearsay argument, we concluded that the messages were admitted to prove the truth of the matter asserted, that is, that the defendant possessed narcotics with the intent to deliver.[10] For these reasons, the messages were inadmissible. *Id*. at 1086. Nevertheless, as there was ample, admissible evidence proving this crime, we deemed the trial court's error harmless. *Id*.; *but see Koch*, 39 A.3d at 1007 (granting the appellant a new trial where text messages were admitted erroneously and where those messages "were a vital element of the Commonwealth's proof").

Here, Appellant asserts that the sole purpose to present these text

---

[10] Absent proper authentication, text messages found on a defendant's cellular telephone are not subject to the party opponent exception. *Commonwealth v. Koch*, 39 A.2d 996, 1006 (Pa. Super. 2015).

messages to the jury was to establish the truth of the matter asserted therein. *See* Appellant's Brief at 13-15 (citing in support *Mosley*, *supra*). We agree. The content of the first two messages is clearly indicative of Appellant's efforts to engage in the business of prostitution. *See generally* 18 Pa.C.S. § 5902. For example, in the brief conversation between Appellant and "Scott $," Appellant inquires whether "Scott $" will return for additional sexual activity and specifically asks whether the person is interested in extending the appointment for two hours. *See* N.T., 4/19/16, at 63. In response, this person attempts to negotiate a lower price for this appointment. *Id.* Similarly, in the second message, a customer seeks clarification regarding which of two prostitutes will be attending the appointment. *Id.* at 64. Finally, in the third message, assault victim A.L. states that Appellant "cracked [her] tooth" and that this injury requires medical attention. *Id.* at 65; *see also* 18 Pa.C.S. § 2701(a)(1) (defining simple assault to include intentionally, knowingly, or recklessly causing bodily injury to another).

Moreover, we discern no other relevance in these messages. For example, the messages did not establish a motive for either prostitution or assault, and they fail to establish a scheme or plan similar to prior crimes allegedly committed by Appellant. *See Levanduski*, 907 A.3d at 20. Thus, we further agree with Appellant that the trial court's limiting instructions were insufficient.

Nevertheless, we conclude that Appellant's reliance upon **Mosley** is misplaced. As in **Mosley**, where the Commonwealth presented ample, admissible evidence that the defendant possessed narcotics with the intent to deliver, so too here, there was sufficient evidence establishing Appellant's crimes. The independent testimony of J.P. established that Appellant was engaged in the business of prostitution, that he was guilty of trafficking in individuals, and that he assaulted A.L. Further, testimony from the investigating officers, as well as the admissible evidence seized from Appellant's cell phone corroborated J.P.'s testimony. Accordingly, the admission of the text messages challenged by Appellant was harmless error, and a new trial is unwarranted. **Mosley**, 114 A.3d at 1080.

Second, Appellant challenges discretionary aspects of his sentence. According to Appellant, the court's sentence of thirteen to twenty-six years of incarceration was manifestly excessive and clearly unreasonable in that he was given consecutive, statutory maximum sentences for all charges. **See** Appellant's Brief at 11. Further, Appellant contends that his sentence was the result of the court's bias against him. **Id**.

A challenge to discretionary aspects of a sentence does not entitle an appellant to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 106 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his issue at sentencing, in a

motion to reconsider, or, in a motion to modify sentence; (3) whether the appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question raised that the sentence is inappropriate under the sentencing code. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013); **see also** Pa.R.A.P. 2119(f).

Here, Appellant timely filed an appeal as well as a post-sentence motion. In the motion, Appellant preserved his claim of excessiveness but failed to assert trial court bias. Thus, Appellant's latter claim is waived. **See Austin**, 66 A.3d at 808. Finally, Appellant has included a separate Rule 2119(f) statement in his brief. **See** Appellant's Brief at 11. We must now determine whether Appellant has raised a substantial question that his sentence is inappropriate under the sentencing code and, if so, review the merits.

Whether an issue raises a "substantial question must be evaluated on a case by case basis." **Commonwealth v. Andrews**, 720 A.2d 764, 766-67 (Pa. Super 1998). A claim that a sentence is manifestly excessive may raise a substantial question if the appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. **See Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002).

Appellant asserts that his aggregate sentence is manifestly excessive

because the court imposed consecutive, statutory maximum sentences for each of his convictions. In support of this assertion, however, Appellant relies on **Commonwealth v. Simpson**, 829 A.2d 334 (Pa. Super. 2003). **See** Appellant's Brief at 11. In **Simpson**, this Court recognized a substantial question based upon the appellant's assertion that the sentencing court had failed to state sufficiently its reasons for the sentence on the record. **Id.** at 338. Thus, it is inapposite. Further, "a court's exercise of discretion in imposing sentence concurrently or consecutively does not ordinarily raise a substantial question." **Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015). Aside from the bald claim of excessiveness, Appellant has not articulated another reason that the sentence was contrary to the norms of the sentencing code. **See Mouzon**, 812 A.2d at 627. Thus, Appellant has not raised a substantial question, and, accordingly, we decline to review the merits of his claim. **Id**.; **Simpson**, 829 A.2d at 338.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Panella joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/18