J-S78016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL BELL | : | |
| | : | |
| Appellant | : | No. 538 WDA 2017 |

Appeal from the Judgment of Sentence March 6, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001854-2016

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 24, 2018**

Appellant Carl Bell appeals from the Judgment of Sentence imposed after he pled guilty to one count of Third-Degree Murder and two counts of Aggravated Assault.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

On January 1, 2016, while at an apartment in Lin Lee Motel in Millcreek Township with his girlfriend, Appellant consumed alcohol and cocaine.  An argument erupted between Appellant and Charles Lesser, and Appellant punched, kicked, and stomped on Lesser's head and body.  When his friend, Danny Green, attempted to stop the fight, Appellant punched, kicked, or stomped on Danny Green's head and body.  Appellant then went to a separate apartment and stomped and kicked his own mother, Andrea Zack, in the face and neck, poured boiling water on her arms and stomach, and threatened to kill her.  Mr. Lesser never recovered consciousness and

_____
*   Retired Senior Judge assigned to the Superior Court.

died from his injuries on February 12, 2016. Mr. Green is permanently physically disabled as a result of the attack. Ms. Zack suffered severe injuries and permanent scarring.

The Commonwealth charged Appellant with multiple counts of Assault and Reckless Endangerment, one count of Terroristic Threats, and one count of Homicide.

On January 20, 2017, Appellant pled guilty to Third-Degree Murder and two counts of Aggravated Assault. In exchange, the Commonwealth withdrew the remaining charges. The court ordered a pre-sentence investigation and scheduled sentencing for Monday, March 6, 2017. The Commonwealth submitted a Sentencing Memorandum to the court and gave a copy to Appellant's counsel on the morning of Friday, March 3, 2017.[1]

At the sentencing hearing on Monday, March 6, 2017, Appellant's counsel objected to the court's considering the Commonwealth's Sentencing Memorandum, arguing that the photographs of the victims and the crime scene attached to the Memorandum were inflammatory. He also complained that he did not have a chance to respond to the Memorandum, and argued

---

[1] The Commonwealth's Sentencing Memorandum "set forth the Commonwealth's recommendation of an aggregate sentence of 40 to 80 years of incarceration. It summarized the factual background of the case, Appellant's prior record[,] and the Commonwealth's argument in favor of the sentence it recommended. Appended to the memorandum were photographs of the victims and the apartment where Appellant assaulted the male victims." Trial Ct. Op., dated 6/6/17, at 8 n.2.

that the Commonwealth should be precluded from making oral argument because it had already submitted its statement. N.T. Sentencing, 3/6/17, at 8-10. The court denied the objection.

The court then heard statements from Appellant, his attorney, and Ms. Zack on Appellant's behalf. The prosecutor made a short statement, recognizing that the court had the Commonwealth's Sentencing Memorandum. Over defense counsel's objection, the decedent's sisters and Mr. Green made victim impact statements. The court then acknowledged counsels' arguments, the in-court statements, the pre-sentence investigation report, and the sentencing guidelines, and imposed an aggregate sentence of 30 to 60 years' incarceration, which included a term within the sentencing guidelines of 19 to 38 years on the Third-Degree Murder conviction.[2]

After the denial of post-sentence motions, Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the Sentencing Court commit an abuse of discretion when it imposed a sentence of 19 to 38 years on the third degree murder conviction that, while within the Sentencing Guidelines, was unreasonable?

2. Did the Sentencing Court commit an abuse of discretion and/or error of law when it considered and relied upon the

---

[2] The court imposed consecutive terms of incarceration of 19 to 38 years for the Third-Degree Murder conviction, 6 to 12 years for the assault on Mr. Green, and 5 to 10 years for the assault on Ms. Zack. The court also ordered restitution.

- 3 -

Commonwealth's Sentencing Memorandum, which was filed and provided to defense counsel less than one business day prior to the scheduled sentencing?

Appellant's Brief at 8.

While acknowledging that his sentence falls within the sentencing guidelines, Appellant avers that the sentencing court committed an abuse of discretion in sentencing him to 19 to 38 years' incarceration on the Third-Degree Murder conviction because it "closely approached the statutory maximum[.]"[3] Appellant's Brief at 16. He also argues that the sentencing court "considered an impermissible consideration/facts," *i.e.*, the Commonwealth's Sentencing Memorandum, "filed on the eve of sentencing that did not afford defense counsel an opportunity to respond in kind." ***Id***. at 17. Appellant's claims implicate the discretionary aspects of the trial court's sentencing decision.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or

---

[3] The sentencing guidelines provide a standard range of 120-240 months' incarceration for an individual with an OGS of 14 and a prior record score of 3. The statutory limits for a sentence on a Third-Degree Murder conviction are 240-480 months. 18 Pa.C.S. §1102(d).

misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision.

* * *

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Id*. at 760-61 (internal citations and quotation marks omitted).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). "Rather, an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction." ***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014). To determine whether an appellant has invoked our jurisdiction, we consider the following four factors:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

Here, Appellant filed a timely Notice of Appeal after preserving the issues in a post-sentence motion, and his brief contains a Pa.R.A.P. 2119(f)

statement. We, thus, consider whether Appellant has raised a substantial question that his sentence is inappropriate.

To demonstrate that a substantial question exists, "a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider the general guidelines provided by the legislature." *Commonwealth v. Mouzon*, 812 A.2d 617, 622 (Pa. 2002) (citation and internal brackets omitted). An appellant is required only to "make a plausible argument that his sentence is either inconsistent with a particular provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Id*. (citing *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000)).

"As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. [ ] An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." *Moury, supra* at 170 (citing *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006)).

In the instant case, Appellant acknowledges that the sentence falls within the sentencing guidelines, but avers that the sentence "was clearly unreasonable as it closely approached the statutory maximum sentence allowed by law in circumstances where Appellant did not employ a weapon/firearm and where Appellant had a prior record score of 3." Appellant's Brief at 16. He further asserts that the sentence imposed was

akin to one that would be imposed on someone with a prior record score of 4 or 5. *Id*. at 19. Appellant has not provided "a plausible argument that his sentence is either inconsistent with a particular provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Mouzon*, *supra*, at 622.

Moreover, Appellant has not asserted any particular circumstances that make application of the guidelines unreasonable. His statement that his crime did not involve firearms/weapon does not comprise a circumstance that makes the application of the guidelines unreasonable.[4] Further, Appellant does not support his inference that when compared to other defendants with higher prior record scores, the court erroneously applied the guidelines. Accordingly, Appellant's first issue does not raise a substantial question and he has, thus, failed to invoke this Court's jurisdiction.

With respect to his second issue, where an appellant alleges that the sentencing court considered impermissible factors at sentencing, he will be entitled to review. *See*, *e.g.*, *Commonwealth v. Simpson*, 829 A.2d 334, 338-39 (Pa. Super. 2003) (giving examples of impermissible factors with citation to case law). However, we are unpersuaded that because Appellant did not believe he had a chance to respond to the Commonwealth's

---

[4] Appellant has not provided any statutory or case law, or developed any argument, to support his contention that because he did not use a "weapon/firearm" to kill and hurt people, the court's sentence is "clearly unreasonable." Appellant's Brief at 16, 19.

Sentencing Memorandum, the sentencing court "considered an impermissible consideration/factor when it imposed sentence." Appellant's Brief at 17.

As Appellant acknowledges, 42 Pa.C.S. §9752 provides:

**(a)    General rule.--**As soon as practicable after the determination of guilt and the examination of any presentence report, a proceeding shall be held at which the court shall:

(1)    Entertain submissions by the parties on the facts relevant to the sentence, including any facts with respect to negotiated pleas, as to the nature of the sentence.

(2)    Afford to the defendant the right to make a statement.

(3)    Hear argument by the defense on the applicability of the various sentencing alternatives to the facts of the case, and may hear argument by the prosecution.

\* \* \* \*

42 Pa. C.S. §9752(a).

There is nothing in this section that prohibits a court from considering a Sentencing Memorandum and, as Appellant notes in his Brief, nothing in this section dictates when a Sentencing Memorandum must be filed. The fact that Appellant received the Commonwealth's Sentencing Memorandum on the morning of the Friday before the Monday sentencing hearing does not equate to the court relying on "impermissible sentencing factors" such that a substantial question is raised. **See Simpson**, **supra**. Moreover, Appellant cites to no authority that prohibits a court from considering a Sentencing Memorandum submitted by a party prior to imposing sentence.

We further note that nothing in Section 9752 prohibited Appellant from submitting his own Sentencing Memorandum in advance or at the hearing. In fact, Section 9752 allows a party the right to make any submissions and statements at the sentencing hearing. As the sentencing court noted, the court did not deprive Appellant and his counsel of that opportunity.

> There was ample opportunity to review the Sentencing Memorandum prior to the sentencing hearing. None of the background information in the Sentencing Memorandum would have been new or surprising to Appellant's counsel, who was familiar with the case [and assisted Appellant as plea counsel]. Appellant was afforded full and fair opportunity at the sentencing hearing to address the topics in the Sentencing Memorandum. The [c]ourt did not err in considering the Commonwealth's sentencing memorandum.

Trial Ct. Op., dated June 6, 2017, at 6-7.

We conclude that Appellant's claim that the court considered impermissible factors in imposing sentence is completely without factual or legal support. He has failed to raise a substantial question and we, thus, are without jurisdiction to review the merits of his claim.

Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/24/2018