J-S26023-18
J-S26024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC S. ROLLE, | : | |
| | : | |
| Appellant | : | No. 3299 EDA 2017 |

Appeal from the Judgment of Sentence May 8, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002373-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC S. ROLLE, | : | |
| | : | |
| Appellant | : | No. 3301 EDA 2017 |

Appeal from the Judgment of Sentence May 8, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002374-2015

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                                    **FILED JULY 17, 2018**

Eric S. Rolle appeals from the aggregate judgment of sentence of six to twelve years incarceration imposed following the entry of his guilty pleas at two separate dockets to trafficking in individuals.[1]  We affirm.

---

[1] We consolidated Appellant's appeals for ease of disposition, as they involve the same underlying facts and legal issues.

---

*   Former Justice specially assigned to the Superior Court.

In November 2014, Appellant was arrested in Lehigh County and charged with promoting prostitution and other offenses. On January 7, 2015, Appellant entered a guilty plea to promoting prostitution, and was immediately sentenced to time served and placed on parole for twenty-three months. In October 2015, Appellant was arrested and charged at two separate dockets with, *inter alia*, involuntary servitude, human trafficking and promoting prostitution as a result of having provided heroin to two female victims in exchange for prostituting themselves and providing him with the proceeds from their illegal activities.[2]

According to the criminal information filed at 2373 CR 2015, on September 29, 2015, police responded to an advertisement on www.backpage.com in the adult entertainment section for an hour of sexual intercourse for $180. When the female, K.S., arrived at the predetermined location, police took her into custody. K.S. indicated that she had been working for Appellant for approximately one year, and that, against her will, he took pictures of her and posted them in an advertisement for her services on the internet. K.S. reported that Appellant arranged her "dates" for prostitution, demanded the money she received for her prostitution services, and supplied K.S. with heroin. K.S. told police that Appellant was a drug

---

[2] At the time of his arrest, police found fifteen bags of heroin on Appellant's person. Thus, at docket No. 2374 CR 2015, Appellant was also charged with numerous drug offenses.

dealer who took advantage of her heroin addiction by ensuring that she did not obtain heroin from anyone else. She also stated that Appellant physically abused her by strangling, slapping, or hitting her when she did not want to go on the prostitution "dates" he had arranged. K.S. also related Appellant's threat to kill her by giving her a "hot shot" of heroin laced with rat poison if she told police that he was pimping her. Criminal Information (Affidavit of Probable Cause), 9/30/15, at 1-2.

According to the criminal information filed at 2374 CR 2015, on September 3, 2015, police met with C.W., who indicated that, for approximately one year, she had been working as a prostitute, being forcibly pimped by Appellant. C.W.'s account was similar to the statement K.S. provided. Appellant would post advertisements for her in the adult entertainment section on www.backpage.com, and physically abuse her if she declined to go on dates he arranged for prostitution. Once a date was completed, she had to give Appellant all of the money she received for her prostitution services. In return, he would provide her with heroin. She also indicated that Appellant would physically abuse her and force her to perform sex acts on him. C.W. identified, by photograph, Appellant's girlfriend, Nefertari Rouse, who assisted Appellant with the human trafficking of C.W. and other victims. Appellant and Rouse would put C.W. and other victims into separate hotel rooms for extended periods of time and bring them food and heroin. Criminal Information (Affidavit of Probable Cause), 10/5/15, at 1-2.

On May 8, 2017, Appellant entered an open guilty plea to one count of trafficking in individuals at both 2373 CR 2015 and 2374 CR 2015. In exchange, the Commonwealth agreed to *nolle pros* the remaining charges, and to discontinue its investigation regarding drug charges in a fourth case filed against Appellant at 2749 CR 2015. On the same date, the trial court sentenced Appellant. At 2373 CR 2015, the trial court imposed a term of thirty-six to seventy-two months incarceration.[3] At 2374 CR 2015, the trial court imposed a term of thirty-six to seventy-two months incarceration, to be served consecutively to the sentence imposed at 2373 CR 2015. Appellant timely filed timely post-sentence motions. Upon reconsideration, the trial court found Appellant eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, and modified his sentences accordingly. The trial court denied the remaining post-sentence motions. Appellant thereafter filed timely notices of appeal and court-ordered Pa.R.A.P. 1925(b) concise statements of matters complained of on appeal.

On appeal, Appellant raises a single issue for our review at both dockets:

> Did the honorable trial court abuse its discretion in sentencing Appellant to serve two consecutive terms of imprisonment at the highest aggravated range of the sentencing guidelines where the reasons cited by the court were that he had committed these offenses after he had been placed on parole after having been convicted of one prior count of promoting prostitution in Lehigh

---

[3] The sentence was to be served consecutively to the sentence imposed for Appellant's conviction for promoting prostitution.

County, Pennsylvania, a contention that is not supported in the record?

Appellant's briefs at 8.

Appellant challenges the discretionary aspects of his sentence.[4] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S. § 9781(b).

***Moury***, ***supra*** at 170 (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa.Super. 1997); 42 Pa.C.S. § 9781(b).

In the instant case, Appellant filed timely notice of appeals, preserved his claims in timely post-sentence motions, and included in his appellate briefs

_____

[4] While a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements such as the one herein do not preclude a defendant from appealing the discretionary aspects of the sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005).

a separate Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. **See Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa.Super. 2010). Thus, we will proceed to determine whether Appellant has presented a substantial question for our review.

In his Rule 2119(f) statements, Appellant contends that a substantial question is presented because the trial court imposed consecutive, aggravated-range sentences based on its unsupported finding that Appellant had been trafficking in individuals while on parole for his January 2015 conviction of promoting prostitution.[5] Appellant's contention raises a substantial question that the sentence imposed was inconsistent with Section 9781(c)(2) of the Sentencing Guidelines. **See Commonwealth v. Stewart**, 867 A.2d 589, 592 (Pa.Super. 2005) (holding that a substantial question exists when a defendant alleges the sentencing court considered improper factors when imposing an aggravated range sentence).

---

[5]Appellant also contends that the trial court based the severity of its sentence upon Appellant's prior conviction for promoting prostitution, which was already accounted for in his prior record score. Appellant's briefs at 27-29. However, this discretionary sentencing issue was not raised before the trial court either at sentencing or in Appellant's post-sentence motions; nor was it raised in Appellant's concise statements. Therefore, it is waived. **See** Pa.R.A.P. 302 (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived).

When evaluating the merits of sentencing claims, we are guided by the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> . . . .
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa.Super. 2014). Additionally, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Here, Appellant contends that the trial court abused its discretion in imposing consecutive, aggravated-range sentences based on its determination that he had committed trafficking in individuals while on parole following his January 7, 2015 conviction of promoting prostitution. Appellant claims that both K.S. and C.W. told police that they engaged in prostitution for Appellant in 2014, not 2015. On this basis, Appellant argues that the trial court erroneously "accepted as fact without sufficient evidence" that he

committed trafficking in individuals while on parole. Appellant's briefs at 29-30.

At the sentencing hearing, Appellant entered an open guilty plea to one count of trafficking in individuals at count two of the criminal information filed at 2373 CR 2015, and one count of trafficking in individuals at count two of the criminal information filed at 2374 CR 2015. The criminal informations filed at 2373 CR 2015 and 2374 CR 2015 were supported by affidavits of probable cause which alleged that Appellant had been trafficking in individuals for approximately one year, during which Appellant was on parole for his conviction of promoting prostitution.[6] By entering his guilty pleas to the charges at 2373 CR 2015 and 2374 CR 2015, Appellant admitted that he committed those crimes as alleged. *See* N.T. Guilty Plea, 5/8/17, at 29. Therefore, we find no merit to his claim that, at the time of sentencing, the trial court had no evidence that Appellant committed trafficking in individuals while on parole from his conviction of promoting prostitution. *See* ***Commonwealth v. Simpson***, 829 A.2d 334, 339 (Pa.Super. 2003) (holding that the fact a defendant is on parole at the time he committed new offenses is an extraneous factor that can be separately considered by the sentencing court).

---

[6] On January 7, 2015, Appellant was placed on twenty-three months of probation for his conviction of promoting prostitution.

Moreover, we find that the trial court at sentencing offered sufficient, valid reasons for imposing aggravated-range sentences:

> Instantly, [Appellant] entered his guilty plea[s] and waived a pre-sentence investigation report, thus we sentenced him immediately, noting as an aggravated factor that he was under supervision from his [promoting prostitution] conviction when these offenses were committed. Further, we considered that [Appellant] had been charged after an investigation which included [Appellant] placing newspaper advertisements for prostitution in February 2015. There were subsequent advertisements for prostitution throughout 2015. We considered the facts supporting the convictions as well as the rehabilitative needs of [Appellant]. We are mindful of the seriousness of [Appellant's] crimes and the significant effect on the victims, which is long[-]lasting. At the time of sentencing, Ms. Rouse, a codefendant, who later cooperated with the Commonwealth, addressed the court. She expressed the profound impact that case has had on her life and continues to affect her. She expressed disgust for [Appellant] who was a long-time friend and paramour. Ms. Rouse was forthright in her statements when she addressed the court. We also considered the protection of the public when we imposed the sentence on [Appellant]. Given all of our considerations and concerns, we imposed a proper and legal sentence on [Appellant]. Our sentence falls squarely within the aggravated range of the sentencing guidelines established for the crimes committed and does not exceed the statutory parameters.

Trial Court Opinion, 9/14/17, at unnumbered 4-5.

Our review of the record reveals no abuse of discretion on the part of the trial court. The court's comments during the hearings reveal that it considered all the evidence presented by both the Commonwealth and the defense before concluding consecutive, aggravated-range sentences were appropriate. Therefore, Appellant's discretionary sentencing claims warrant no relief.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/17/18</u>