J-S11020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINQUE CHARLES ARTURE | : | |
| | : | |
| Appellant | : | No. 1016 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 1, 2020,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0006939-2019.

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 8, 2021**

Dominque Charles Arture appeals from the judgment of sentence imposed following his guilty plea to person not to possess a firearm.[1]  Upon review, we affirm.

On June 11, 2019, Arture was pulled over on Saw Mill Run Boulevard, Allegheny County, Pennsylvania, for a missing passenger side mirror.  Once pulled over, the detectives observed Arture leaning his body forward, toward the lower part of the steering column, and moving his arms.  The officers asked Arture and his passenger to get out of the vehicle.  Upon conducting a pat down of Arture, the detective found a handgun.  Arture did not have a concealed carry permit for the firearm and was not permitted to possess a

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

firearm due to a prior conviction. Arture was arrested and charged with various firearm and driving offenses.

On November 18, 2019, Arture pled guilty to person not to possess a firearm. The trial court sentenced Arture to 4 to 8 years of incarceration. Arture filed a post-sentence motion which the court denied.

Arture filed this timely appeal. The trial court and Arture complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Arture raises the following single issue:

I. The sentence of total confinement was unreasonable and an abuse of discretion because it was manifestly excessive and contrary to the dictates of the Sentencing Code as a whole, where the Court failed to consider Arture's rehabilitative needs, unique history and circumstances, and his network of support, and focused solely on the need to protect society, the gravity of the offense, and placed undue weight on a prior incident that involved a BB gun.

Arture's Brief at 6.

Arture challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement

- 2 -

raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Arture satisfied the first three requirements under ***Colon***. Accordingly, we must consider whether Arture's claim raises a substantial question. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations and quotations omitted). The existence of a substantial question must be determined on a case-by-case basis. ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995).

In his 2119(f) statement, Arture claims that the trial court abused its discretion in sentencing him. Specifically, he argues that the trial court's sentence of total confinement was excessive and did not consider certain applicable mitigating factors and Arture's rehabilitative needs. Arture's Brief at 14. Instead, the court unduly focused on the seriousness of Arture's crime and his participation in a prior robbery involving just a BB gun. ***Id.***

We conclude that Arture has presented a substantial question invoking our appellate jurisdiction of his discretionary sentencing claim. Allegations

that the trial court failed to consider the relevant factors set forth in Section 9721(b), and imposed a "manifestly excessive and unreasonable sentence," raise a substantial question for our review. *See Commonwealth v. Roane*, 204 A.3d 998, 1002 (Pa. Super. 2019). Additionally, this Court has held that a claim that the sentence is excessive because the trial court relied on impermissible factors raises a substantial question. *Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003). "[I]t is impermissible for a court to consider factors already included within the sentencing guidelines as the *sole* reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information." *Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003) (citations omitted). We therefore will address the merits of Arture's claim.

Our standard of review when deciding a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820, 832 (Pa. Super. 2016). Based upon our review of the record, we conclude that the trial court did not abuse its discretion when it sentenced Arture.

- 4 -

We first observe that, in sentencing Arture, the trial court had the benefit of a presentence investigation report. The trial court specifically noted that it reviewed that report in its entirety. N.T., 7/1/20, at 16. Where, as here, the court is in possession of a presentence report (PSI), we "'presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Notwithstanding this, our review of the record reveals that the trial court considered the relevant sentencing and mitigating factors when it sentenced Arture.

As Arture observes, the trial court clearly considered the seriousness of the instant offense, coupled with Arture's previous guilty plea to robbery for holding up a Rite Aid employee at gunpoint. Although the gun used during that incident was allegedly a BB gun, the court still viewed it as a very serious offense. However, contrary to Arture's claim, the trial court did not focus only on these factors.

The court specifically noted that Arture suffered from post-traumatic stress disorder. It also acknowledged Arture's addiction and considered a proposed long-term treatment placement program for him. But, because the mitigated range called for 48 months of incarceration, the court was not willing to place him in such a program which would release him in a short time. ***See*** N.T., 7/1/20, at 9-10, 16. The court further noted that with Arture's second

- 5 -

serious conviction, it had "grave concerns about where Mr. Arture is going in his life," and further observed that Arture's conduct in this case "demonstrates that [he] is not amenable to rehabilitation within the community." Id. at 16; Trial Court Opinion, 12/2/20, at 5. Consequently, the court was not inclined to give him a lesser sentence than the mitigated range as dictated by Arture's prior record score and the offense gravity score.[2] Trial Court Opinion, 12/2/20, at 4. Nonetheless, because Arture pled guilty in this case, the trial court sentenced him in the mitigated range with no consecutive term of probation. N.T., 7/1/20, at 16-17. The trial court explained: "the mitigated range sentence of 4 to 8 years reflects this [c]ourt's concerns for both [Arture's] need for treatment in a secure environment as well as the safety of the community." Trial Court Opinion, 12/2/20, at 5.

Based upon our review, we find that the court's sentence thoughtfully considered and rationally balanced the relevant factors in this case. On appeal, "[w]e cannot re-weigh the sentencing factor's and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). We therefore conclude that the trial court did not abuse its discretion in sentencing Arture, and his claim merits no relief.

Judgment of sentence affirmed.

---

[2] With an offense gravity score (OGS) of 11 and a prior record score (PRS) of 4, the guidelines for person not to possess provide for a mitigated range of 48 to 60 months, a standard range of 60 to 78 months, and an aggravated range of 78 to 90 months. *See* 204 Pa.Code § 303.16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/8/2021