J-S11040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRADLEY W. MCROBERTS | : | |
| | : | |
| Appellant | : | No. 1228 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 29, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000386-2021

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED APRIL 28, 2023**

Appellant, Bradley W. McRoberts, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to theft by unlawful taking, theft by deception, receiving stolen property, identity theft, access device fraud, and bad checks.[1]  We vacate and remand for resentencing.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] and [Victim] met while [Victim] was a student at Quinnipiac University and [Appellant] was beginning a master's program at Yale University.  They started dating and in August 2018 moved to an apartment located at 220 South 47th Street in Philadelphia.  [Victim's] father…cosigned the lease for the apartment, and her

---

[1] 18 Pa.C.S.A. §§ 3921(a); 3922(a); 3925; 4120; 4106(a)(1); and 4105(a)(1), respectively.

mother provided the money for the security deposit with the understanding that [Appellant] would reimburse her. This gave [Appellant] access to both [Victim] and her father's social security numbers. [Appellant] forged a lease agreement to say that the rent was $2,000 a month. [Victim] sent $1,000 a month for rent to [Appellant] via E-transfer. [Appellant] pocketed the money and did not pay the rent. The property managers of their apartment reached out to [Appellant], [Victim] and [Victim's] father about the rent, but [Appellant] had created fraudulent email accounts and phone numbers and impersonated [Victim] and her father, sending emails and making phone calls as them.

In July of 2019, [Appellant] told [Victim] that they had to leave the apartment for necessary electric work. They left the apartment and [Victim] commuted to Philadelphia from Connecticut for two weeks. On July 31, 2019, she dropped [Appellant] off at the Philadelphia airport, and he caught a flight to California. She did not see [Appellant] after that. A week after dropping [Appellant] off at the airport, [Victim] went to the leasing office of their former apartment and encountered one of the property managers who told her that there had not been any electrical work, but that she had been evicted. [Victim] then discovered that [Appellant] had opened credit cards in her name without her knowledge. Additionally, the checks [Appellant] had given [Victim's] mother as repayment bounced. As a result of this scheme, [Victim's] family's credit was ruined to the point that they had to hire credit restoration services. [Victim's] family created an itemized list estimating that the financial damage caused was over $31,000. [Appellant] was arrested and charged with Theft, Theft by Deception, Receiving Stolen Property, Identity Theft, Access Device Fraud, and Passing a Bad Check on August 7, 2019.

\* \* \*

On September 27, 2021, [Appellant] entered a non-negotiated guilty plea before this [c]ourt to [all charges].

Following testimony from the victim and her family, this [c]ourt sentenced [Appellant] on November 16, 2021, to … an aggregate sentence of fourteen to thirty-three (14-33)

years. … This [c]ourt also ordered $31,000 in restitution.

On November 23, 2021, [Appellant] filed a Motion for Reconsideration of Sentence. At a reconsideration hearing on March 29, 2022, the [c]ourt imposed an aggregate sentence of two-and-a-half to five (2.5-5) years. [Appellant] again filed a Motion for Reconsideration of Sentence on April 7, 2022. This [c]ourt denied that motion on April 27, 2022. The following day, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania. On May 31, 2022, this [c]ourt issued an order pursuant to Rule 1925(b) of Pennsylvania Rules of Appellate Procedure ordering that [Appellant] file a Concise Statement of Matters Complained of on Appeal within twenty-one days. On June 17, 2022, [Appellant] filed a Statement of Matters Complained of on Appeal alleging that this [c]ourt erred by imposing an excessive and unreasonable sentence at the sentencing and reconsideration hearing; that this [c]ourt failed to consider the Sentencing Guidelines and relied upon improper factors; and that the prosecution engaged in misconduct.

(Trial Court Opinion, filed July 8, 2022, at 1-3).

Appellant raises one issue for our review:

Whether the trial court erred and abused its discretion in imposing a manifestly excessive sentence of 2½ to 5 years' [imprisonment], where the court upwardly departed from the Sentencing Guidelines, relying upon impermissible sentencing factors, including improper comments by the prosecutor; and also while not considering mitigating circumstances.

(Appellant's Brief at 5).

Appellant argues the court relied upon improper factors and facts not in evidence when sentencing Appellant. Appellant claims the court disregarded the sentencing guidelines and mitigating circumstances. Appellant emphasizes that the trial court acknowledged in its opinion that it provided

- 3 -

inadequate reasons for its departure from the guidelines and erroneously considered the prosecutor's improper comments. Specifically, Appellant claims the court imposed a sentence beyond the aggravated range of the guidelines to scare Appellant's family into paying restitution quickly and because the prosecutor would receive "massive blowback" if the court imposed a county sentence. Appellant insists the sentence was unduly harsh given Appellant's lack of any prior convictions and where the sentencing guidelines fell in the restorative sanctions range. Appellant contends he presented mitigating evidence to the court, namely, that Appellant suffered from PTSD and other mental health ailments after he was raped as a teenager. Appellant avers that he began making payments to Victim before his arrest, apologized to Victim, and had fully paid restitution prior to the reconsideration hearing. Appellant complains the prosecutor erroneously suggested that Appellant had committed similar conduct either before or after his initial sentencing, which was untrue. Appellant concludes the court abused its sentencing discretion, and this Court must grant relief. We agree relief is due.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Watson***, 228 A.3d 928, 935 (Pa.Super. 2020). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing

Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra,*** 752 A.2d 910, 912-13 (Pa.Super. 2000). A claim that a court imposed a sentence outside of the guidelines without an adequate explanation presents a substantial question. ***Commonwealth v. Goggins***, 748 A.2d 721, 728 (Pa.Super. 2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000). ***See also Commonwealth v. Wilson***, 946 A.2d 767, 771 n.6 (Pa.Super. 2008). As well, a claim that the court relied on impermissible sentencing factors raises a substantial question warranting review. ***Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa.Super. 2003).

Instantly, Appellant has filed a timely notice of appeal, preserved his sentencing issue in a timely-filed post-sentence motion, and included the requisite Rule 2119(f) statement. ***See Watson, supra***. Additionally, Appellant's claims that the court imposed a sentence outside the guidelines without adequate explanation and relied on impermissible factors raise substantial questions warranting appellate review. ***See Goggins, supra***; ***Simpson, supra***. Thus, we turn to the merits of Appellant's sentencing challenge.

This Court will not disturb the judgment of the sentencing court absent an abuse of discretion. ***Commonwealth v. Fullin***, 892 A.2d 843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its

discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Walls***, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007) (internal quotation marks, footnotes, and citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "Thus, sentencing is individualized; yet, the statute is clear that the court must also 'consider' the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing. If the court imposes a sentence outside of the sentencing guidelines, it must provide a written statement setting forth the reasons for the deviation and the failure to do so is grounds for resentencing." ***Walls, supra*** at 566-67, 926 A.2d at 962-63. Further, this Court shall vacate the sentence and remand for resentencing if the court sentenced outside the guidelines and the sentence is unreasonable. 42 Pa.C.S.A. § 9781(c)(3).

Here, in its opinion, the trial court conceded:

While this [c]ourt believes that a state sentence is appropriate given the unusual nature of the case, and the harm and damage done to [Victim] and her family, all of

- 7 -

which far exceeds the "typical" theft case, it concedes that it stated insufficient reasons for exceeding the guidelines and imposing a sentence of two and one-half to five years at the reconsideration hearing held on March 29, 2022, and that any consideration given to the prosecutor's comments regarding the personal impact of its sentence would be improper. As such, it requests that the matter be remanded for resentencing.

(Trial Court Opinion at 4). The Commonwealth agrees that remand is required. (**See** Commonwealth's Brief at 10) (stating: "Because the court failed to give an appropriate justification, rooted in the considerations and factors espoused in statutory and decisional law, for the upward departure sentence it imposed, this matter should be remanded for the court to address these issues"). Based upon the foregoing, we agree relief is due. **See Walls, supra**. Accordingly, we vacate and remand for a new resentencing hearing.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2023